ITHACA TRUST CO. v. DRISCOLL BROS. & CO.    (No. 134–37.)

(Supreme Court, Appellate Division, Third Department.   September 15, 1915.)

1. MASTER AND SERVANT ⬦129—INJURY TO SERVANT—NEGLIGENCE—PROXIMATE CAUSE.

A carpenter, weighing about 200 pounds, fell headforemost from a steel beam to the basement, 21 feet below, and was killed. The distance to the ground floor was 13 feet, so that the act of the employer in failing to cover the ground floor increased the distance of the fall 9 feet. There was no negligence chargeable to the employer, except the failure to fill in all of the ground floor. Held, that the proximate cause of the accident was not the employer's failure.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. ⬦129.]

2. MASTER AND SERVANT ⬦265—SAFE PLACE TO WORK—STATUTORY PROVISIONS.

Labor Law, § 20, as amended by Laws 1913, c. 492, requiring contractors, constructing buildings where the floors or filling in between the floors are of fireproof material, to complete the flooring as the building progresses, does not require that each floor shall be completed, without any openings in it, but merely requires the contractor to complete the flooring in accordance with the plans, leaving such spaces as may be required for the work, or designated by the plans; and where a part of the ground floor built of fireproof material had been filled in as required by the plans, with the exception of an oblong space across the building, the presumption was that the open space was left for some of the excepted purposes, and, if that was not the case, it was the duty of plain-

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff, suing for the death of an employé by falling from a steel beam to the basement, to negative the presumption and show the contractor's failure to properly fill in the ground floor, and thus show a violation of the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.]

3. APPEAL AND ERROR ☞274—QUESTIONS REVIEWABLE—EXCEPTIONS TO SUBMISSION OF CASE TO JURY.

The question whether an employer, constructing a building, owed to an employé the duty, under Labor Law, § 20, as amended by Laws 1913, c. 492, to fill in the ground floor space, may be raised by exception of the employer to the submission to the jury of any question under the act, or any other law, and the exception presents a case where the court on appeal may act, where the case was submitted to the jury on a mistaken theory of the law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605–1607, 1624, 1631–1645; Dec. Dig. ☞274; Trial, Cent. Dig. § 192.]

Kellogg, J., dissenting.

Appeal from Trial Term, Tompkins County.

Action by the Ithaca Trust Company, as executor of William E. Marion, deceased, against Driscoll Bros. & Co., a domestic corporation. From a judgment for plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Reversed, and new trial granted.

See, also, 163 App. Div. 54, 148 N. Y. Supp. 775.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Cobb, Cobb, McAllister & Feinberg, of Ithaca (Peter F. McAllister, of Ithaca, of counsel), for appellant.

E. H. Bostwick, of Ithaca, for respondent.

WOODWARD, J. This action is brought by the Ithaca Trust Company, as executor of the estate of William E. Marion, deceased, to recover damages alleged to have been sustained by the next of kin through the death of testator by reason of the alleged negligence of the defendant. The defendant, a domestic corporation, was the contractor for the construction of a high school building at Ithaca. Plaintiff's testator was a carpenter employed by the defendant in the construction of such building. On the 16th day of July, 1913, while plaintiff's testator, hereinafter referred to as the plaintiff, was engaged upon the work, he fell through the open space between the steel I-beams on the first floor above the ground floor, and landed in the basement upon his head, some 21 feet below, sustaining injuries which resulted in his death. The negligence pleaded and relied upon consists in the alleged violation of some of the provisions of the Labor Law. The complaint, comprising some 38 folios, somewhat in disregard of the requirements of section 481 of the Code of Civil Procedure that there shall be "a plain and concise statement of facts constituting each cause of action without unnecessary repetition," makes various allegations of negligence, and then reiterates them, and finally alleges that:

"The failure, as herein alleged, on the part of said defendant to complete and construct the ground floor of said building, the failure on its part to plank over the first floor, and leaving the same open as above described, and the failure on the part of the defendant to erect a scaffold below the said I-beam, from which said Marion fell, were defects and acts of negligence, and the existence of which were all well known to said defendant and its superintendent at the time and prior to the accident."

What legitimate purpose such a pleading can serve is difficult to understand. The learned trial court in this case charged the jury that no negligence could be predicated upon the alleged failure to provide a proper scaffolding, and likewise that there was no negligence on the part of the defendant in keeping the opening in the first floor, and then charged that:

The "negligence in this case must rest, if at all, in their failure to close up the floor below, the ground floor, through which this decedent fell, and it appears in this case that that was not filled. If it was not filled, as appears, then the question is: Did that hole down below have anything to do with the sustaining of this injury, or anything to do with his falling, or causing the accident in the first instance?"

The defendant excepted to this portion of the charge, and requested the court to charge:

"That the leaving of the space on the ground floor, through which the decedent fell, was not the proximate cause of the accident, and the plaintiff cannot recover by reason of the failure to cover that space."

An exception was taken to the refusal of the court to make this charge, and we are of the opinion that these matters in the charge constitute reversible error.

[1] The evidence showed that the work on this building had progressed to a point where the steel I-beams had all been placed upon the first floor above the ground floor, and the plaintiff, a carpenter, was engaged in the work of making temporary slings to hold the concrete which was to be filled in between these I-beams. There was evidence in the case that his foreman had instructed him to place boards across the superstructure for the purpose of performing the work, and that such material was near at hand for this purpose; but, in the view we take of the law, this is not very important. In performing the work the plaintiff sat upon the top of one of these I-beams, which was about 4½ inches wide at the flange, and while leaning down to place the concrete sling blocking, which was being done, plaintiff plunged forward and fell headforemost to the basement, 21 feet below. The distance to the ground floor was about 13 feet, and the theory of defendant's negligence which finally went to the jury was that by reason of there having been a hole left in the ground floor the distance of the fall was increased by 9 feet, and that this was the proximate cause of the plaintiff's injuries, from which the death resulted.

The learned trial court, in a memorandum upon a motion for a new trial, concedes that this is speculative, but contents himself with the suggestion that other speculative verdicts have been sustained, and denies the motion. That an experienced carpenter was in any manner affected by the fact that it was 9 feet further to a solid foundation seems too absurd for serious consideration. He was at work under

conditions which the court charged did not constitute negligence in so far as the first floor was concerned. Everything around him conformed to all the requirements of the law; no negligence was to be imputed to the defendant for anything which existed in respect to the work he was performing, but because the defendant had failed to fill in all of the ground floor, and the distance to the basement was greater than to the ground floor, we are asked to support a judgment without any evidence whatever that the plaintiff would not have fallen in exactly the same manner if the floor had been in place. The question is not whether the injury would have been less or greater, but whether the proximate cause of the accident was in any manner due to the absence of the floor below. To assume that a man of the weight of the plaintiff, which was about 200 pounds, could plunge headforemost a distance of 12 or 13 feet, and not be killed, is the purest speculation at best, and the accident—the plaintiff's fall—was not induced in any manner whatever by the absence of the ground floor.

[2] Assuming, however, that the jury might properly speculate upon this "problem of probabilities," did the defendant, under the provisions of section 20 of the Labor Law, owe the plaintiff any duty to have this ground floor entirely completed? Did it owe the duty of closing up all of the ground floor space? The statute makes no such requirement. The language of the act, as amended by chapter 492 of the Laws of 1913, is that:

"All contractors and owners, when constructing buildings in cities, where the plans and specifications require the floors to be arched between the beams thereof, or where the floors or filling in between the floors are of fireproof material or brickwork, shall complete the flooring or filling in as the building progresses. * * * If the floor beams are of iron or steel, the contractors for the iron or steel work of buildings in course of construction or the owners of such buildings shall thoroughly plank over the entire tier of iron or steel beams and extending not less than six feet beyond such beams on which the structural iron or steel work is being erected, except such spaces as may be reasonably required for the proper construction of such iron or steel work, and for the raising or lowering of materials to be used in the construction of such building, or such spaces as may be designated by the plans and specifications for stairways and elevator shafts. * * * If a building in course of construction is five stories or more in height, no lumber or timber needed for such construction shall be hoisted or lifted on the outside of such building."

The statute does not require that each floor shall be completed so that there shall be no openings in it. It merely requires that the contractor or owner "shall complete the flooring or filling in as the building progresses," which means only that the floors and filing in shall be constructed in accordance with the plans and specifications, leaving such "spaces as may be reasonably required for the proper construction of such iron or steel work, and for the raising and lowering of materials to be used in the construction of such building, or such spaces as may be designated by the plans and specifications for stairways and elevator shafts." There is no allegation in the pleadings, no evidence in the record, that the open space in the ground floor was not reasonably necessary for the raising or lowering of materials to be used in the construction of the building. The allegation is to the effect that:

The "said uncovered space on the ground floor extended from the east wall to the west wall of said building, and was about 10 or 15 feet wide, and the center line of said open space ran parallel with the south wall of said building, and about 25 or 30 feet distant therefrom."

It is alleged that defendant "had also constructed a portion of said ground floor, which was built of fireproof material, as required by the plans and specifications," and the statute merely requires that they shall "complete the flooring or filling in as the building progresses." If a portion of the ground floor, built of fireproof material, had been filled in as required by the plans and specifications, with the exception of "about 3,500 feet of said ground floor," constituting an oblong space across the building, the presumption would be that this open space was left for some of the excepted purposes of the statute, and, if this was not the case, it was the duty of the pleader to negative this presumption. Clearly there is no absolute duty on the part of an owner or contractor to floor or fill in all of the ground floor space, and neither the pleadings nor the evidence establish that the defendant had failed in its duty in this respect. The presumption is always that individuals and corporations have performed their duties as prescribed by law, and a pleading which does not show a violation of a statute certainly fails to afford the foundation for negligence based upon an alleged violation of such statute.

[3] This question was raised by the exception of the defendant to the submission to the jury of any question under the Labor Law, or under any law whatever, and presents a case where this court is justified in acting, because it was given to the jury upon a mistaken theory of the law.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur (SMITH, P. J., on the first ground stated in the opinion), except KELLOGG, J., who dissents.