■ Albert J. Philpott, Respondent, v. Anthony H. Conrad et al., Appellants.— Appeal from a final judgment of the Supreme Court, Broome County, entered upon the verdict of a jury in favor of the plaintiff for $12,837.05. This is the second trial of this action, a former verdict in favor of the plaintiff having been set aside by this court as against the weight of evidence. The case is one in negligence and arises out of an automobile accident that happened on February 22, 1950, on the State Highway known as Route 17-C which runs between Owego and Endicott, New York. Before the accident plaintiff was driving in an easterly direction, and the defendant Conrad's car was being driven in a westerly direction. Plaintiff intended to cross the highway to go to a workshop that was located on the north side thereof. To do that he had to make a left turn, and it was his claim that he brought his car to a complete stop before attempting a left turn, and, at a point approximately thirty feet west of the driveway to the workshop, he looked both ways, saw no cars approaching in either direction and then proceeded to turn left toward the driveway at a speed of about five miles an hour. He reached a point where a part of his car was in the driveway but the rear thereof still extended out into the north or west bound lane of the highway. At this place the highway had only two lanes for traffic. When plaintiff's car reached that point the defendant Conrad's car collided with its rear, and as a result of the collision plaintiff suffered the injuries for which he complains. The defendants rested upon the plaintiff's case. In the course of the plaintiff's case the defendant Anthony H. Conrad, the driver of the car owned by the defendant Charles H. Conrad, was called by the plaintiff. He testified that he was driving the Conrad car at a speed approximately thirty-five miles an hour when he observed the plaintiff's car coming toward him from the west. He saw the plaintiff's car stop and assumed that the plaintiff would turn left into the driveway mentioned. However the Conrad car kept on at about the same rate of speed and when the plaintiff turned left the driver of the Conrad car applied his brakes but was unable to stop because the road was icy and slippery. Apparently he made no effort to turn left into the other lane. Plaintiff is entitled to the most favorable inferences that can be drawn from the record in view of the fact that the jury returned a verdict in his favor. Under the circumstances disclosed the verdict should be sustained. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ. [See post, p. 869.]