■ CYMERMAN BROS., INC., Respondent, v. PAYNE HOMES, INC., Appellant. —In an action by a vendee under an executory contract for the sale of real property to recover its deposit and damages, upon the ground that the title tendered at the closing was unmarketable, the vendor counterclaimed for specific performance. The vendor appeals from a judgment, entered after trial, directing it to repay the deposit, with interest, costs and disbursements, and dismissing the counterclaim on the merits. Judgment unanimously affirmed, with costs. No opinion. Present—Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [5 Misc 2d 792.]

■ JEROME P. FROST, Respondent, v. CHARLOTTE VEAL, Doing Business as CHARLOTTE'S RESTAURANT AND BAR, Appellant.—In an action to recover damages for personal injuries, the appeal is from an order of the County Court, Nassau County, granting respondent's motion for reargument and upon said reargument granting respondent's motion to restore the case to the day calendar. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ SALVATORE GIORLANDO, Appellant, v. STUYVESANT TOWN CORPORATION, Respondent.—In an action to recover damages for personal injuries, plaintiff appeals from a judgment in favor of defendant, entered upon a dismissal of the complaint at the close of his case. Plaintiff, an employee of the general contractor, was injured when he fell through an unguarded incinerator opening in the floor of the building being constructed for defendant, the owner. There was no proof whatever that the defendant retained any supervision or control over the construction. Defendant's liability is predicated solely on a violation of the duty to plank over the floor, allegedly imposed on it by subdivision 4 of section 241 of the Labor Law. Judgment unanimously affirmed, with costs. The uncontradicted proof in the record establishes that work was in progress in and around the opening through which plaintiff fell, and that the work could not have been performed if the opening had been covered. Under those circumstances, we are of the opinion that the statute did not require such opening to be covered and that there was, consequently, no violation of the statutory duty to provide safeguards. (Cf. *Ithaca Trust Co.* v. *Driscoll Bros. & Co.,* 169 App. Div. 377, affd. 220 N. Y. 617.) We therefore do not reach the question whether the provisions of section 241 are applicable to an owner who has retained no supervision or control over the construction. Present—Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ HOLLYWOOD SHOE POLISH, INC., Respondent, v. KNOMARK MFG. CO., INC., Appellant.—In an action to restrain alleged unfair competition in the sale of white shoe polish and for other relief, the appeal is from so much of an order as denied appellant's motion, pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of BEN-SU-SI REALTY CORPORATION, Appellant, against ROBERT C. WEAVER, as STATE RENT ADMINISTRATOR, Respondent.— In a proceeding, pursuant to article 78 of the Civil Practice Act, to review a determination of the State Rent Administrator, the appeal is from an order denying the petition and dismissing the proceeding. The proceeding sought to be reviewed denied appellant's protests to orders made by a local rent administrator approving increases of maximum rent for installations of new equipment at rates lower than those requested by appellant. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present—Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.