Murray T. Feiden, J.
In an action for damages for personal injuries submitted to the jury solely on the issue of liability, the defendant, Jackson Heights Shopping Center, Inc., moves to set aside a verdict in favor of the plaintiff and to dismiss the complaint as a matter of law. The defendant did not present any proof at the trial.
The conceded or undisputed facts are as follows: On March 23, 1959, the plaintiff, a carpenter in the employ of the third-party defendant, Keystone Fireproofing Corp., the carpentry subcontractor, was working on the roof of a shopping center being constructed by the defendant, which was the owner, builder and general contractor. The structure consisted of one story on the street level and a basement under part of the structure. There was a distance of 15 feet from the street floor to the roof and nine additional feet from the street floor to the bottom of the excavated portion of the basement area. The excavated area, which was underneath the area where six carpenters were working, comprised 8,000 square feet out of the total area of 18,000 square feet. Structural steel beams spaced approximately two to four feet apart had been laid across the excavated area over the basement. However, there were no planks, flooring or any other covering or safeguards over the steel beams to prevent a fall into the basement. While the plaintiff was installing fiberglass insulation between the beams on the roof, a plank on which the plaintiff was standing broke, and plaintiff fell from the roof into the basement.
The defendant had a superintendent on the job and one of its officers was at the site every day, so that the defendant knew, or should have known, of all the physical conditions existing at the time of and prior to the accident. A flooring subcontractor hired by the defendant was not to commence its flooring operations over the steel beams laid across the basement until after the roof on which the plaintiff was working was finished. It is undisputed that the defendant was in possession and control of the street floor level and basement.
Plaintiff conceded and withdrew from consideration any claim that the defendant violated section 241 of the Labor Law, it appearing that the appropriate subdivisions of said statute are applicable only to multi-storied buildings (Vallina v. Wright & Kremers, 7 A D 2d 101). The case was therefore submitted to the jury only on the theory of common-law negligence.
Before delving into the main issue, certain collateral issues raised by defendant will be discussed. The defendant’s insistence that the proximate cause of the accident was the breaking of the plank on which plaintiff was working and that said *109 defendant is not responsible for the defective plank, begs the main issue. It is conceded that plaintiff’s employer was responsible for the defective plank. The issue to be decided here is whether the defendant is responsible for concurrent negligence in failing to guard the excavation, as a result of which plaintiff fell an additional nine feet. As was stated in Joyce v. Rumsey Corp. (17 N Y 2d 118, 122): “ That plaintiff was caused to fall by the breaking of a plank is beside the point. No one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury.” (See, also, Bergen v. East 84th St. Constr. Corp., 16 N Y 2d 644; Vassiliades v. John P. Blitz, Inc., 36 Misc 2d 5, 7; Ithaca Trust Co. v. Driscoll Bros. & Co., 220 N. Y. 617.)
Another collateral issue raised by the defendant is that plaintiff failed to adduce proof that there was no work in progress to establish the feasibility of planking the street floor. On the contrary, it was the defendant who had the burden of proving that there was work in progress which would make it impractical to cover the excavated portion of the premises. Once a negligent condition is proven, any exceptions which would exonerate defendant from liability must be proven by the defendant (Hooey v. Airport Constr. Co., 253 N. Y. 486, 490; Skibicki v. Diesel Constr. Co., 56 Misc 2d 955, affd. 29 A D 2d 1050).
The court will now address itself to the main issue, which is whether the defendant owner, builder and general contractor, in possession and control of the street level floor and basement, was guilty of concurrent negligence based upon breach of a common-law duty to plaintiff, an invitee, to make safe the place of work provided by said defendant, and whether that breach was the proximate cause, in whole or in part, of the injuries sustained by the plaintiff.
Many cases and quotations out of context have been cited by both sides, which at first blush appear to substantiate their conflicting viewpoints, but an examination of those cases discloses that either the facts were not similar or, where the facts were similar, the cases were submitted to the jury on the basis of a violation of the Labor Law and not on any common law theory. Evidently, the plaintiff’s attorneys in those cases sought to take advantage of the absolute duty created by section 241 of the Labor Law (Joyce v. Rumsey Realty Corp., 17 NY 2d 118, supra) and for that reason elected not to submit their ease on the theory of common law negligence. Consequently, there is a dearth of cases involving *110 the precise issue and factual situation in the case at bar. The only case in point is Ithaca Trust Co. v. Driscoll Bros, & Co., (220 N. Y. 617, supra) which will hereinafter be discussed in detail.
Before entering into a discussion of the above case, it would not be amiss to review some fundamental concepts. It is axiomatic that the purpose of our laws, be they common law or statutory, is to protect the worker from bodily harm and to eradicate dangerous conditions for persons lawfully on premises. These laws have been interpreted with ever-increasing liberality in favor of workmen. It is not enough to say that the plaintiff here can be compensated monetarily under the Workmen’s Compensation Law. The primary objective of the law is to prevent accidents and injuries (Rufo v. Orlando, 309 N. Y. 345, 351).
Let us examine the consequences which would ensue if we adopted the defendant’s contention that it had no duty to protect the excavation. The carpentry subcontractor obviously had no legal authority or obligation to plank over or in any way interfere with the excavated part of the street level floor under the exclusive possession and control of the owner-general contractor. If this court were to hold that the owner-general contractor likewise had no obligation under statutory or common law to eradicate the foreseeably dangerous condition, it would be placing the stamp of approval on the continued existence of a dangerous condition without anyone having the duty to remedy the same. Such a result flies in the face of reason and it is contrary to the overriding social viewpoint that a foreseeable dangerous condition should not remain in a vacuum without responsibility on someone to take remedial measures. Under the particular facts of this case the landowner is the logical party upon whom such responsibility should rest.
At common law the general rule is that an owner or general contractor is not obligated to protect employees of a subcontractor. However, there are exceptions to this rule. Thus, an owner or general contractor retains the common-law duty of exercising reasonable care to make safe the places of work provided by such owner or general contractor and the ways and approaches to such places. (See Olsen v. Chase Manhattan Bank, 10 A D 2d 539, 543, affd. 9 N Y 2d 829; Seigel v. Prima Concrete Constr. Corp., 27 A D 2d 946, 947; Wohlfron v. Brooklyn Edison Co., 238 App. Div. 463, 465, affd. 263 N. Y. 547; Haefeli v. Woodrich Eng. Co., 255. N. Y. 442, 448; Caspereen v. La Sala Bros., 253 N. Y. 491; Hess v. Bernheimer & *111 Schwartz Brewing Co., 219 N. Y. 415, 417, 418; Karpowicz v. John Lowry, Inc., 213 N. Y. S. 2d 350, affd. 21 A D 2d 853; 20 ALR 2d 875, 877).
Clearly, the less expansive area on the roof where the carpentry subcontractor was working was the responsibility of such subcontractor whereas the more expansive area, such as the street floor and basement under the possession and control of the defendant, was the responsibility of the latter (Salerno v. Severino, 37 Misc 2d 777, 779, affd. without opn. 19 A D 2d 946). It cannot be gainsaid that if the latter area were near or contiguous with that part of the roof where plaintiff was working, so that it would be foreseeable that he might trip and fall into such excavation while working on the roof, the defendant would be liable under common-law principles of failing to supply a safe place in which to work. The mere fact that the excavated portion was directly under the roof rather than near or contiguous therewith should not in principle absolve the defendant. It was just as much part of the place of work furnished to plaintiff by defendant as it would be if that excavation were near or contiguous with the roof. The element of foreseeability would be the same in each instance. It seems to this court that under the facts of this case, the defendant negligently violated its common-law duty to make safe a place of work provided by it, in that it knowingly permitted the excavation to remain open, unguarded and without safeguards, while six carpenters were working on the roof above it.
The court is not impressed with the defendant’s inverse reasoning that, because it was necessary to promulgate section 241 of the Labor Law, it follows that there was no common-law duty to protect uncovered floors during the course of construction. The promulgation of such statute does not necessarily mean that there was no common-law duty whatsoever existing before said passage. Statutes may merely expand, make more explicit or create an absolute duty, irrespective of negligence, where there was no such absolute duty before (Olsen v. Chase Manhattan Bank, 10 A D 2d 539, affd. 9 N Y 2d 829, supra). Furthermore, the defendant’s position is inconsistent. If, as contended by the defendant, section 241 of the Labor Law applies only to multi-storied buildings, how can it consistently argue that the necessity of promulgating such statute demonstrates that there was no common-law liability with respect to one-storied buildings not covered by section 241 ?
The only case which the court has been able to find with almost identical facts and issues is Ithaca Trust Co. v. Driscoll Bros, & Co. (220 N. Y. 617, supra). In that case, plaintiff appealed *112 from an order of the Appellate Division which had reversed a judgment for plaintiff and had granted a new trial. Consequently plaintiff had to stipulate for judgment absolute if the Appellate Division was upheld on any ground. The Court of Appeals awarded judgment absolute against plaintiff solely on that basis. Nevertheless, in affirming, the Court of Appeals (as did the Appellate Division), enunciated principles of law which established that plaintiff had made out a prima facie case. The Court of Appeals summarized the facts and issues as follows, (p. 617): “ The intestate, while working as a carpenter on a building in course of erection by defendant, fell from a beam and received injuries resulting in his death. The theory of defendant’s negligence on which the case was submitted to the jury was that the defendant had failed to entirely fill in the floor beneath that on which intestate was working, leaving a hole through which the intestate fell, thereby increasing the distance of the fall by nine feet.” The Appellate Division opinion (169 App. Div. 377) reveals that the plaintiff in that case also fell through an open space between steel beams that had not been planked over; as a result of which plaintiff landed in the basement.
The Appellate Division had held that the failure to plank over the first floor was not the proximate cause of plaintiff’s injuries (169 App. Div. 377, 380). The Court of Appeals overruled that holding, stating (p. 618) that it was error to charge the jury: “that they could not find the defendant guilty of negligence unless the specific act of falling was caused in whole or part by the opening in the floor, thereby withdrawing from the jury the question as to whether or not the opening caused, in whole or in part, the injuries to plaintiff’s intestate and the right to render a verdict in favor of the plaintiff in case it did contribute to those injuries ”.
It should be noted that the Appellate Division also found, and this was not disturbed by the Court of Appeals, that the Labor Law was not applicable. Obviously, the Appellate Division, in ordering a new trial for plaintiff, instead of dismissing the complaint, came to the conclusion that the facts made out a prima facie case against defendant under the common law. The Court of Appeals also obviously reached the same conclusion, because its judgment absolute against plaintiff was solely on the basis of the lower court’s erroneous charge in favor of the plaintiff which said error is specified in the Court of Appeals memoranda. The decision reached in the case at bar is in conformity with the principles enunciated in the foregoing case.
*113 The motion to set aside the verdict against the defendant is denied. The defendant’s cross complaint is dismissed, the defendant having not offered any proof to substantiate its position.