■ LAWRENCE FAGNANI, Appellant, et al., Plaintiff, v JOHN T. BRADY & Co., INC., et al., Respondents. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, plaintiff Lawrence Fagnani appeals from a judgment of the Supreme Court, Westchester County, entered April 21, 1976, which is in favor of defendants and against him, upon a jury verdict. Judgment reversed, on the facts, and new trial ordered, with costs to abide the event. In our opinion the jury could not have reached its conclusion upon any fair interpretation of the evidence. Shapiro, Hawkins and Suozzi, JJ., concur; Latham, P. J., dissents and votes to affirm the judgment, with the following memorandum: Defendants are entitled to the most favorable inferences which can be drawn from the record in view of the fact that the jury returned a verdict in their favor (see *Philpott v Conrad,* 1 AD2d 728, mot for lv to app den 1 NY2d 643). Reading the record, especially the testimony of defendants' expert witness, in the light most favorable to the defendants, "establishes that work was in progress in and around the opening through which plaintiff fell, and that the work could not have been performed if the opening had been covered. Under those circumstances, we are of the opinion that the statute did not require such opening to be covered and that there was, consequently, no violation of the statutory duty to provide safeguards" *(Giorlando v Stuyvesant Town Corp.,* 4 AD2d 701, mot for lv to app den 4 NY2d 673). Unlike *Skibicki v Diesel Constr. Co.* (56 Misc 2d 955, affd 29 AD2d 1050), this case does not involve a pile of plywood forms which could lull the employee into thinking there was no hole.