Chief Judge Desmond.
At the end of the trial there was, between plaintiff and defendant Bumsey, no unresolved issue as to liability and so a verdict was properly directed for plaintiff against Bumsey, leaving to the jury the fixation of the damages. Bumsey had unquestionably violated the unequivocal command of subdivision 1 of former section 241 of the Labor Law that the contractor must complete the flooring as the building progresses. Plaintiff was moving planks on the fourth floor. The first, second and third levels had not been floored over as required by the statute and plaintiff, standing on a plank which broke, fell through the openings into the basement. The duty imposed by the statute and violated by defendant Bumsey was “ a flat and unvarying” one (Koenig v. Patrick Constr. Corp., 298 N. Y. 313, 318) and again as we said in Koenig: “ For breach of that duty, thus absolutely imposed, the wrongdoer is rendered liable without regard to his care or lack of it.” Or, as we put it in Major v. Waverly & Ogden (7 N Y 2d 332, 334), a violation of such a statute is “ conclusive evidence of negligence ”. Conclusive evidence of negligence calls for a directed verdict. It is, of course, undeniable that the statute is for the protection of workers situated as was plaintiff (see Bergen v. East 84th St. Constr. Corp., 16 N Y 2d 644).
That plaintiff was caused to fall by the breaking of a plank is beside the point. No one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury. The statute puts absolute and unconditional liability on the contractor and in favor of the *123 workman who falls through the floor opening which the statute insists must he covered. To hold otherwise would be to deprive the worker of the protection afforded him by the Labor Law. To say that a jury in such a case could bring in a no cause verdict would be to say that the jury can nullify the statute.
The order should be affirmed, with costs.
Judges Ftjld, Van Voorhis, Burke, Scileppi, Bergan and Keating concur.
Order affirmed, with costs to Butler against Joyce and to Joyce and Mara against Rumsey.