INTERNATIONAL HARVESTER Co., Appellant, v. TOWN OF ELLERY, Respondent

 Memorandum: There are no questions of fact in this case. There is a pure question of law presented as to whether plaintiff is entitled to the return of the sum of $1,100 deposited with the defendant-respondent, with interest to be computed. Defendant advertised for bids for the purchase of a truck, and the plaintiff submitted a bid in accordance with the defendant's specifications. The sum of $1,100 was deposited by the plaintiff to assure performance by it. The sale price of the truck was to be in excess of $10,000. The entire transaction came within the scope and requirements of section 142 (subd. 1, par. b) of the Highway Law. That section provides, in substance, that no contract for the purchase of any machinery or equipment exceeding in price the sum of $1,000 should be valid unless the County Superintendent shall approve thereof and indorse his approval upon such contract. Each such contract is required to be executed in triplicate, and it is the duty of the County Superintendent to file two copies with the Town Clerk within 10 days after the date of his approval. One copy is to be delivered by the Town Clerk to the vendor and one retained for the clerk's files. The section further provides that in the event the County Superintendent should fail, neglect or refuse to approve the contract within 10 days after receiving it, the Town Board may, by resolution duly adopted, submit the contract to the State Superintendent of Public Works in triplicate for his approval. The State Superintendent is then required to indorse in writing either his approval or disapproval. If he should approve, the Town Board could purchase the equipment; but, of course, if there should be disapproval, the Town Board could not purchase and there would be no contract enforcible against the town. This section and other similar sections have been construed to be mandatory and necessary to the establishment of a valid contract. (*Belmar Contr. Co.* v. *State of New York,* 233 N. Y. 189; *Matter of Allen* v. *Eberling,* 24 A D 2d 594; *Blatt Bowling Corp.* v. *State of New York,* 14 A D 2d 144.) It follows that if the contract was not binding upon the Town of Ellery, it was neither enforcible by the bidder nor binding upon it. After the written proposal had been received it was opened, along with other bids, and was purportedly accepted by resolution of the Town Board. However, no written contract was ever approved by the County Superintendent or the State Superintendent of Public Works or was ever signed, received, delivered, exchanged or tendered by the defendant to the plaintiff in accordance with section 142 (subd. 1, par. b), of the Highway Law. In fact, none of the formalities of section 142 (subd. 1, par. b) of the Highway Law were ever observed or complied with. It does not appear that a proper contract was ever prepared. It is contended by the defendant that a valid contract was entered into because, by usage and customs of the trade in dealings of this nature, it was the obligation of the bidder to prepare and submit a written contract. However, custom, usage and practice may not waive, or in effect avoid, a mandatory statute which is clear and unambiguous on its face. (*Colgate* v. *Pennsylvania Co.,* 102 N. Y. 120; *Manhattan Co.* v. *Morgan,* 242 N. Y. 38; *Meltzer* v. *Koenigsberg,* 302 N. Y. 523.) Custom, usage and practice may be considered at times to show the construction that parties have placed upon ambiguous and unclear laws or agreements, but the rule does not apply to this case. There was no default on the part of the plaintiff of a valid existing contract, and therefore there should be no forfeiture of the deposit for the alleged failure of plaintiff to comply with the contract. Plaintiff is entitled

to the amount deposited with interest to be computed by the clerk (CPLR 5001). (Appeal from certain parts of an order of Erie Special Term denying motion for summary judgment.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.