■ LELAND E. BRANT et al., Respondents-Appellants, v REPUBLIC STEEL CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent. W. J. TAYLOR INTERNATIONAL CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. (Appeal No. 1.) — Order and interlocutory judgment unanimously reversed, without costs, and plaintiffs' motion for summary judgment on the issue of liability under subdivision 1 of section 240 of the Labor Law granted. Memorandum: Plaintiff Leland E. Brant, an employee of W. J. Taylor International Construction Corp. (Taylor), was injured while working on the premises of defendant Republic Steel Corporation (Republic). At the time of the accident plaintiff was engaged in reconstructing an elevated rail line on which iron ore pellets were transported. He was working on an elevated platform located several feet below the rail line. The platform was strewn with iron ore pellets and contained an opening in its floor through which passed steel support beams which were being removed by plaintiff. After cutting away one of the beams, plaintiff slipped on the iron ore pellets and fell through the opening 25 feet to the ground below. No device of any kind had been provided to protect plaintiff from falling through the opening. The work was being performed under a contract between Taylor and Republic which provided for indemnification of Republic by Taylor. An addendum to the contract entitled "General Safety Order No. 18" (GSO No. 18) also provided for such indemnification and superseded the indemnification clause in the contract. While the indemnification provided for in GSO No. 18 was broad and held Republic harmless from any loss arising out of the work, it did not apply to damages caused by Republic's "active conduct". Plaintiffs moved for summary judgment against Republic on the issue of liability under subdivision 1 of section 240 and subdivision 6 of section 241 of the Labor Law. Republic moved for summary judgment for indemnification against Taylor, and Taylor cross-moved for summary judgment to dismiss Republic's third-party complaint. Special Term denied plaintiffs' motion under subdivision 1 of section 240; granted plaintiffs' motion under subdivision 6 of section 241; and denied both Republic's motion and Taylor's cross motion. A violation of subdivision 1 of section 240 resulting in injuries gives rise to absolute liability for those injuries (*Haimes v New York Tel. Co.,* 46 NY2d 132). Here there is no dispute that plaintiff was working on an elevated platform and that he was furnished with no device to protect him from falling through an opening in its floor. The failure to furnish a device "which shall be so constructed, placed and operated as to give proper protection" violated the command of the statute (Labor Law, § 240, subd 1). Although plaintiff's fall resulted from his loss of footing due to the presence of iron ore pellets, the failure to provide a protective device was causative of his injury (cf. *Joyce v Rumsey Realty Corp.,* 17 NY2d 118, 122-123). In such circumstances, summary judgment should have been granted to plaintiffs on the issue of liability under section 240 (*Rea v Elia Bldg. Co.,* 79 AD2d 1102). Special Term

also erred in granting summary judgment to plaintiffs under subdivision 6 of section 241. The violation of that section is founded upon a violation of an administrative regulation and thus does not create absolute liability on the part of defendant Republic but is only some evidence of negligence (*Long v Forest-Fehlhaber,* 55 NY2d 154). Since the record presents a fact issue as to plaintiff's negligence, summary judgment should not have been granted under that section (cf. *Ugarriza v Schmieder,* 46 NY2d 471, 474). The record also presents questions of fact as to whether the accident was caused by the "active conduct" of Republic and, accordingly, Special Term properly denied Republic's motion and Taylor's cross motion for summary judgment. (Appeals from order and interlocutory judgment of Supreme Court, Genesee County, Mintz, J. — summary judgment.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.