■ DENNIS GANDLEY, Appellant, v PRESTIGE ROOFING & SIDING CO., INC., et al., Respondents. (And Two Third-Party Actions.)—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so

much of an order of the Supreme Court, Suffolk County (Jones, J.), entered February 8, 1988, as denied that branch of his motion which was for partial summary judgment on the issue of liability based upon a violation of Labor Law § 240 (1); and (2) so much of an order of the same court, entered May 16, 1988, as, upon granting renewal, adhered to so much of its original determination as denied that branch of his motion which was for partial summary judgment on the issue of liability based upon a violation of Labor Law § 240 (1).

Ordered that the appeal from the order entered February 8, 1988 is dismissed, as that order was superseded by the order entered May 16, 1988, made upon renewal; and it is further,

Ordered that the order entered May 16, 1988 is reversed insofar as appealed from, on the law, so much of the order entered February 8, 1988 as denied that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability based upon a violation of Labor Law § 240 (1) is vacated and that branch of the plaintiff's motion is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff was an employee of the third-party defendant Thermotest, Inc. The defendant Prestige Roofing & Siding Co. (hereinafter Prestige) was a contractor employed to perform roofing work on a two-story building owned by the defendant South Huntington Union Free School District. The roof in question contained about eight plexiglas bubbles, which covered skylights, measuring 4 by 6 feet. The plaintiff alleged that on July 25, 1984, while he was properly on the roof, he fell through a bubbled skylight and struck the floor 30 feet below, thereby sustaining serious personal injuries. Further, the plaintiff submitted an affidavit from his physician indicating that as a result of his head injuries, he suffers from retrograde amnesia, and consequently, cannot recall the actual incident. The parties agree that there are no known eyewitnesses to the fall. Nevertheless, it is undisputed that the plaintiff sustained his injuries as a result of falling through the bubbled skylight. In addition, the plaintiff submitted evidentiary proof that 12 days prior to his accident, a worker employed by Prestige had also fallen through a bubbled skylight, approximately 10 feet away from the one through which the plaintiff fell. It was therefore contended that the defendants, who were aware of this prior accident, ignored the actual risk presented by the unprotected skylight bubbles, and instead permitted the roof work to continue without any safety devices.

It is well settled that Labor Law § 240 (1) "imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure" *(Bland v Manocherian,* 66 NY2d 452, 459; *see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521, *rearg denied* 65 NY2d 1054). Further, contributory negligence on the part of the worker is not a defense to a violation predicated under Labor Law § 240 (1) *(see, Zimmer v Chemung County Performing Arts, supra).* Thus, a plaintiff must prove only that the statute was violated and that the violation was a proximate cause of the injuries sustained by him *(see, Vencebi v Waldorf Astoria Hotel Corp.,* 143 AD2d 1004).

With respect to the issue of the violation of Labor Law § 240 (1), we find no merit to the defendant Prestige's claim that there was no need for any safety device on the roof because the skylights were covered with plexiglas bubbles. In addition to the fact that there was no evidentiary proof submitted that such a plexiglas bubble constituted a safety device, the prior fall by a worker employed by Prestige clearly placed Prestige on notice that the plexiglas bubble covering the skylight could not be relied upon as a safety "device" within the meaning of Labor Law § 240 (1) *(see also, Linney v Consistory of Bellevue Refm. Church,* 115 AD2d 209).

As to the issue of proximate cause, it is noted that: "[n]o one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury" *(Joyce v Rumsey Realty Corp.,* 17 NY2d 118, 122). The defendants' conclusory allegations that the plaintiff may have intentionally jumped through the plexiglas bubble are insufficient to raise a triable issue of fact concerning causation *(see, Brant v Republic Steel Corp.,* 91 AD2d 841; *Rea v Elia Bldg. Co.,* 79 AD2d 1102; *see also, Schelberger v Eastern Sav. Bank,* 93 AD2d 188 [involving the presumption against suicide]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability, based upon a violation of Labor Law § 240 (1). Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.