■ THOMAS GUIGLIANO, Respondent-Appellant, v SEAPORT MARKET PLACE INCORPORATED et al., Appellants-Respondents. —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 23, 1989, which, *inter alia,* denied defendants' motion to set aside a jury verdict finding defendants liable to plaintiff for injuries sustained by him, unanimously affirmed, with costs.

Plaintiff, an ornamental ironworker, fell off a 20-foot ladder and sustained injuries when a grinding tool he was using jammed. At the trial it was proven that plaintiff was not provided any safety devices to give him "proper protection" as required by Labor Law § 240 (1). The jury found that a safety belt and scaffold were necessary devices to give proper protection to the plaintiff, and that the failure to provide them was a proximate cause of plaintiff's injuries. Those findings are supported by the testimony of plaintiff and his foreman, who had 32 years' experience as an ironworker. The Court of Appeals concluded under similar circumstances in *Zimmer v Chemung County Performing Arts* (65 NY2d 513, 524): "If proximate cause is established, the responsible parties have failed, as a matter of law, to 'give proper protection.' " Concur —Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.