OPINION OF THE COURT
Albert A. Blinder, J.
These claims involve an alleged violation of Labor Law § 240 (1).
Bifurcation has been ordered and therefore this opinion will only address liability.
On March 6, 1985 an accident occurred at 266 Van Cortlandt Park East, Bronx, New York. At the time, the premises were leased to the State of New York.
Salmar Construction Corp.[2] (hereinafter Salmar) was engaged to repair an eroding retaining wall. The wall runs along the easterly property line of the premises leased by the defendant. To the west, along the top of the wall, is a paved parking lot. To the east, however, is a neighboring property where the distance between the top of the retaining wall and the ground varies from 5 to 12 feet. Salmar employed a subcontractor to perform the task. When Greco, as employee of Salmar, went with the subcontractor’s artisans to direct what work was to be performed, the retaining wall to be repaired, which Greco was standing upon, gave way causing him to fall approximately 12 feet into a stairwell on the adjacent property. No safety devices were furnished or were in place when the wall gave way.
Labor Law § 240 (1) provides, "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
If there is a violation of this statute the defendant is *139 absolutely liable. (Zimmer v Chemung County Performing Arts, 65 NY2d 513.) Before absolute liability is imposed, however, the claimant must be within the class of protected persons that the statute contemplates. (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573.) To be within this special class, the claimant must be hired and permitted to work on the building or structure. (Whelen v Warwick Val. Civic & Social Club, 47 NY2d 970.) Greco was hired and permitted to perform the work by defendant. The reason for retaining Salmar was the very purpose of repairing the subject retaining wall.
Defendant contends that a retaining wall is not a building or structure within the meaning of the Labor Law. This court disagrees in view of the liberal construction to be applied to the Labor Law. (See, Zimmer v Chemung County Performing Arts, supra; Kahn v Gates Constr. Corp., 103 AD2d 438.)
Defendant next argues that Labor Law § 240 (1) was not violated because the work being performed was not on an elevated structure, "the retaining wall upon which claimant was standing was actually on grade with the property leased by the State”.[3] 4This is an unrealistic position. The very purpose of the Labor Law is to protect a laborer from the hazards of working at heights. (Yaeger v New York Tel. Co., 148 AD2d 308.) To see the folly of defendant’s argument one merely has to remember that one side of the wall rests, at some points, 12 feet above the neighboring property.
Another point of contention is the so-called Kowalsky[4] doctrine. Under this doctrine a worker may not recover damages for injuries sustained when called upon to remedy a dangerous condition and that condition causes his injuries. In Monroe v City of New York (67 AD2d 89), the court recognized the Kowalsky doctrine is grounded in the doctrine of assumption of risk. This court holds that this doctrine grounded in common-law negligence has no application to the present case involving statutory absolute liability.
This court also finds that the failure to provide any safety devices as mandated by the statute is a proximate cause of Greco’s injuries.
*140 Therefore, we find defendant liable for a violation of Labor Law § 240 (1), and in favor of Sal Greco on claim No. 74590, and in favor of Marion Greco on claim No. 77895.
All motions made at trial, upon which the court reserved decision, and not herein granted, are now denied.

. The sole shareholders and employees of Salmar are claimants Sal Greco, president, and Marion Greco, secretary and treasurer. All references to "Greco” are to claimant Sal Greco, unless otherwise noted.

. Quotation is from defendant’s posttrial brief.

. Kowalsky v Conreco Co., 264 NY 125.