■ GEORGE F. NOHEJL et al., as Executors of FRANK W. NOHEJL, Deceased, Appellants, v 40 WEST 53RD PARTNERSHIP et al., Respondents. (And a Third-Party Action.) [613 NYS2d 909] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about March 31, 1993, which denied plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), unanimously affirmed, without costs.

The record reveals factual questions regarding defendants' alleged violation of Labor Law § 240 (1): (1) whether the locking mechanisms on the scaffolds used by plaintiff's decedent at the time of the accident were defective or whether they merely were not used at all; (2) whether Rule 23, requiring safety railings (12 NYCRR 23-5.3 [e]), was violated, depending upon the elevation of the scaffold (a disputed factual issue); (3) whether other safety devices were required (a disputed issue upon which no expert testimony was presented).*

A plaintiff in a section 240 (1) claim must not only prove that a violation existed, but must also establish that the violation was the proximate cause of the plaintiff's injuries *(Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361). Even assuming that plaintiffs have established that the scaffold was defective, plaintiffs have not shown as a matter of law that such a "defect" was the proximate cause of decedent's injuries.

Since there are disputed issues concerning the height and condition of the scaffolding, the IAS Court properly determined that material questions of fact exist with respect to whether a violation of Labor Law § 240 (1) occurred and, if so, whether the violation was the proximate cause of decedent's fall. Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.

---

* *Fernandez v MHP Land Assocs.* (188 AD2d 417), where this Court granted plaintiffs summary judgment pursuant to Labor Law § 240 (1), is distinguishable because therein, it was undisputed that the ladder did not contain a safety device to secure it to the wall or to the floor in any manner. Here, there is a question of fact whether the locking devices on the wheels of the scaffold constituted a sufficient safety device which was not used or was otherwise defective.