■ GLORIA ROBINSON, Appellant, v NAB CONSTRUCTION CORP. et al., Respondents. NAB-PICONE, a Joint Venture, Third-Party Plaintiff-Respondent, v K. SOHMER CONTRACTING, INC., Third-Party Defendant-Respondent. [620 NYS2d 337] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered December 29, 1993, denying plaintiff's motion for partial summary judgment on liability, unanimously reversed, on the law, without costs, and the motion for partial summary judgment granted.

Plaintiff, a construction worker, is entitled to summary judgment here on the issue of liability under Labor Law § 240 (1), since the record supports her claim that the scaffold-ladder at issue was defective due to lack of safety devices and that such defect was a proximate cause of her injuries, and defendants failed to demonstrate the existence of any issue of fact *(McGurk v Turner Constr. Co.,* 127 AD2d 526; *Whalen v Sciame Constr. Co.,* 198 AD2d 501; *see also, Nohejl v 40 W. 53rd Partnership,* 205 AD2d 462).

Labor Law § 240 (1) imposes absolute liability on building owners, construction contractors, and their agents with regard to elevation-related risks to workers at construction sites *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521; *Bland v Manocherian,* 66 NY2d 452, 459). Evidence of rain, or other " 'concurrent cause' ", at the time of the accident does not create a triable issue of fact as to proximate cause where plaintiff has met her burden in establishing her section 240 (1) claim *(Iannelli v Olympia & York Battery Park Co.,* 190 AD2d 775, 776, quoting *Joyce v Rumsey Realty Corp.,* 17 NY2d 118, 122). If anything, the readily foreseeable occur-

rence of rainy conditions at an outdoor construction site highlights defendants' negligence in failing to provide the statutorily-prescribed safety measures.

Furthermore, plaintiff should not be denied summary judgment due to minor, immaterial inconsistencies in her testimony. Where a plaintiff is the sole witness to the occurrence that is the subject of her lawsuit, her inconsistent testimony may create a triable issue of fact as to credibility *(Antunes v 950 Park Ave. Corp.,* 149 AD2d 332, 333; *Rodriguez v New York City Hous. Auth.,* 194 AD2d 460, 462). However, here it is uncontested that she slipped and fell off the unsafe scaffold-ladder while it was raining; the questions of whether the rain began before or during her descent from the scaffold-ladder and precisely how she attempted to break her fall are immaterial on this Labor Law § 240 (1) claim, absent a showing that a bona fide credibility issue exists *(Figueroa v Manhattanville Coll.,* 193 AD2d 778, 779; *see also, Whalen v Sciame Constr. Co., supra).*

Finally, the affidavit of defendants' expert as to plaintiff's comparative negligence also failed to provide a basis for denial of summary judgment. The expert's opinion lacked probative force due to its speculative, conclusory nature *(see, Fallon v Hannay & Son,* 153 AD2d 95, 102), and was also irrelevant, since comparative negligence is not a defense against a Labor Law § 240 (1) claim *(Zimmer v Chemung County Performing Arts, supra; Liverpool v S.P.M. Envtl.,* 189 AD2d 645, 646, citing *Public Adm'r of Bronx County v Trump Vil. Constr. Corp.,* 177 AD2d 258; *Wieszchowski v Skidmore Coll.,* 147 AD2d 822). Concur—Wallach, J. P., Asch, Rubin and Williams, JJ.