■ Rosa Vega et al., Respondents, v Oscar Molina et al., Appellants. [658 NYS2d 387] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered August 13, 1996, which granted the plaintiffs' motion to set aside a jury verdict in favor of the defendants, and for judgment as a matter of law in the plaintiffs' favor on the issue of negligence, and ordered a new trial on the issues of causation and damages.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, the jury verdict in favor of the defendants on the issue of negligence is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment dismissing the complaint.

The plaintiff Rosa Vega commenced this action against her former landlords alleging that their negligence in abating a lead hazard caused injury to her infant son Victor. After the

jury returned a verdict in favor of the defendants, the Supreme Court set aside the verdict and awarded judgment as a matter of law in favor of the plaintiffs on the issue of negligence. The court found that although the hazard was abated, the defendants failed to follow the abatement procedures set forth in 10 NYCRR 67-2.7. The court found that the violation of 10 NYCRR 67-2.7 constituted negligence as a matter of law.

The Supreme Court erred in granting the plaintiffs' motion for judgment as a matter of law on the issue of negligence on the ground that the defendants' violation of 10 NYCRR 67-2.7 constituted negligence per se. A violation of a regulation of an administrative agency is merely some evidence to be considered on the question of a defendant's negligence (see, Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 645; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 522; Gruber v Latello, 207 AD2d 1033). Here, however, the defendants could not have violated 10 NYCRR 67-2.7 because it was not in effect at the time of the alleged negligence. The question of whether the defendants were negligent in the manner in which they abated the lead hazard was an issue of fact for the jury. A rational jury could have found that the defendants were not negligent. We therefore reverse the order appealed from and reinstate the jury's verdict in favor of the defendants. Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.