Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 24, 2007, which, insofar as appealed from, denied plaintiffs motion for summary judgment as to liability on his Labor Law § 240 (1) claim and denied the motion of defendants/third-party plaintiffs i.park Lake Success and Ball Construction for summary judgment dismissing plaintiffs common-law negligence and Labor Law §§ 200 and 240 (1) claims and on their claim for contractual indemnification against second third-party plaintiff Professional Waterproofing & Restoration, unanimously modified, on the law, to grant plaintiffs motion, and otherwise affirmed, without costs.
Plaintiff and a coworker were working on a construction project when the roof panel on which they were standing snapped in half and collapsed, and the two men crashed to the floor below. Plaintiff was severely injured; his coworker was killed. The evidence establishing that plaintiff was not provided with any safety devices demonstrates prima facie his entitlement to judgment as a matter of law on his Labor Law § 240 (1) claim (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985]). In opposition, defendants failed to raise a triable issue. That there may have been safety devices “somewhere at the worksite does not establish ‘proper protection’ ” (id.).
This Court’s recent decision in Jones v 414 Equities LLP (57 AD3d 65 [2008]) is inapplicable to this matter. That case involved the collapse of an interior permanent floor which was not part of the demolition and renovation work being performed, and there was no evidence showing that the condition of the floor placed the workers at an elevation-related risk. Here, in contrast, the assigned task by its very nature created an elevation-related risk, in that it involved replacing substandard precast concrete panels on the roof of a building.
In view of the evidence that defendants proceeded with the construction project despite their knowledge that the roof was *357 in a defective condition and that at least some of the workers were not adequately protected against the dangers of the job, the court correctly denied dismissal of plaintiffs common-law negligence and Labor Law § 200 claims and denied as premature defendants’ claims for contractual indemnification against Professional Waterproofing & Restoration. Concur—Tom, J.P., Saxe, Sweeny, Catterson and DeGrasse, JJ. [See 2007 NY Slip Op 33459(11).]