Ciaurella v Trustees of Columbia Univ. in the City of N.Y. (2024 NY Slip Op 03455)

Ciaurella v Trustees of Columbia Univ. in the City of N.Y.

2024 NY Slip Op 03455

Decided on June 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 25, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Higgitt, O'Neill Levy, JJ. 

Index No. 23703/19 Appeal No. 2127 Case No. 2023-03131 

[*1]John Ciaurella, Appellant,
v
The Trustees of Columbia University in the City of New York, et al., Respondents.
The Trustees of Columbia University in the City of New York, Third-Party Plaintiff-Respondent,
v
ACC Construction Corporation, Third-Party Defendant-Respondent.

Elefterakis, Elefterakis & Panek, New York (Gennaro Savastano of counsel), for appellant.
Brody Law Group, PLLC, New York (Scott A. Brody of counsel), for The Trustees of Columbia University in the City of New York, respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Ira Goldstein, Kevin Faley and Iryna Krauchanka of counsel), for ACC Construction Corporation, respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered on or about June 20, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on Labor Law § 240(1) liability against defendant Trustees of Columbia University in the City of New York (Columbia), unanimously reversed, on the law, without costs, and the motion granted.
At all times relevant to this appeal, Columbia was the owner of the Hammer Building located at 701 West 168th Street in Manhattan. Columbia hired third-party defendant ACC Construction Corp. to be the general contractor for a project to renovate the building's 10th and 11th floors. Plaintiff was employed by ACC as a union shop steward and laborer for the project.
The project commenced in May 2018. The project's initial stages included the complete demolition of the two subject floors by nonparty Liberty Demolition. Liberty completed the demolition by the fall of 2018, at which point ACC began construction. The demolition required the removal of air conditioning units, ducts, and other large mechanical equipment from the interstitial space [FN1] on the 11th floor. The removal work resulted in numerous exposed holes where such units, ducts, and equipment were previously located. On October 5, 2018, ACC's site superintendent, Richard Clausen, instructed plaintiff to erect caution tape near the entrance to the interstitial space to keep certain workers from entering the hole-strewn area.
Plaintiff used a ladder to access the space,[FN2] and was provided no additional safety equipment to perform his task. Plaintiff walked along the space's floor to string up the caution tape and orange netting. As plaintiff stepped on the floor with his right foot, an approximately 12-inch by 12-inch square section of the floor collapsed from beneath the area where his foot landed, falling to the floor below. Plaintiff's right leg fell through the hole created by the collapse, and he used his arms to brace himself, to prevent from falling through the space's floor to the 11th floor below. Plaintiff suffered injuries as a result. Clausen testified, on behalf of ACC, that the area which collapsed under plaintiff's weight was a poorly constructed "patch" (an insert placed in the space's floor to fill a hole) that had been installed at an unknown time by an unknown entity prior to ACC's 2018 project.
Plaintiff is entitled to summary judgment on his Labor Law § 240(1) claim. "Section 240(1) should be 'construed as liberally as may be for the accomplishment of the purpose for which it was thus framed'" (Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494, 495 [1st Dept 2014], quoting Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]). "The purpose of the section is to protect workers by placing the 'ultimate responsibility' for worksite safety on the owner and general contractor, instead of the workers themselves" (Gordon v Eastern Ry. Supply, 82 NY2d [*2]555, 559 [1993]; see also Garcia, 113 AD3d at 495).
In order to make out a prima facie case on a section 240(1) claim, a plaintiff who was injured as the result of a fall must establish that "(1) the task required the plaintiff to work at an elevation, (2) the plaintiff was exposed to the effects of gravity at that elevation and fell as a direct result of the force of gravity, and (3) the protective devices envisioned by the statute, e.g. ladders, scaffolds, and similar devices, were designed to prevent the hazard that caused the fall" (Jones v 414 Equities LLC, 57 AD3d 65, 73 [1st Dept 2008]). Plaintiff established these three elements. Plaintiff was working in the interstitial space, approximately eight feet from the 11th floor below, and was thus exposed to the effects of gravity. Finally, the affixing of "harnesses and safety lines attached to a safe structure" are the type of safety devices envisioned by § 240(1) to prevent a worker from falling through a collapsing floor (Jones, 57 AD3d at 73), which plaintiff was not provided.
Defendants argue that no liability can attach where, as here, plaintiff's injury is a result of an unforeseeable collapse of a permanent structure. "A plaintiff in a case involving the collapse of a permanent structure must establish that the collapse was 'foreseeable,' not in a strict negligence sense, but in the sense of foreseeability of plaintiff's exposure to an elevation-related risk"[FN3] (Garcia, 113 AD3d at 495; see also Jones, 57 AD3d at 80). To establish foreseeability, "[a] plaintiff need not demonstrate that the precise manner in which the accident happened, or the injuries occurred was foreseeable; it is sufficient that [plaintiff] demonstrate that the risk of some injury from defendant's conduct was foreseeable" (Gordon, 82 NY2d at 562). This foreseeability analysis equally applies to the partial collapse of a permanent structure (Mena v 485 Seventh Ave. Assoc. LLC, 199 AD3d 420, 421 [1st Dept 2021]). Again, as Gordon and its progenystate, it is not necessary that plaintiff establish the foreseeability of the exact collapse and injury that occurred. Instead, plaintiff must simply demonstrate that it was foreseeable that the task he was performing in the interstitial space exposed him to an elevation-related risk.
In opposition, defendant fails to raise any triable issues of fact. Indeed, the record demonstrates that plaintiff's exposure to an elevation-related risk in the 11th-floor interstitial space was not only foreseeable, but foreseen, by Columbia. Frank Menard, Columbia's project manager, testified that prior to plaintiff's accident he had expressed concerns to ACC regarding the hazard posed by the holes in the space's floor to certain Columbia employees who might enter the space. He requested that the holes be fenced off to prevent anyone from falling through. In response to Columbia's safety concerns, Clausen testified that he sent plaintiff to erect caution tape at the entrance of the space [*3]so that no Columbia employees would enter it. We therefore hold that plaintiff's work in affixing the caution tape and orange netting around the hole-strewn interstitial space exposed him to an elevation-related risk.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2024

Footnotes

Footnote 1: As described in the record, the interstitial space was an intermediate, walkable area above the ceiling on the 11th floor used to house heavy mechanical equipment and air ducts, among other things. The space's floor primarily consisted of gypsum board.

Footnote 2: The interstitial space featured an exposed entrance in the ceiling above the 11th floor's elevator lobby, accessible by ladder. 

Footnote 3: Defendant argues, and plaintiff concedes on appeal, that the interstitial space's floor was a permanent structure for the purposes of the section 240(1) claim at issue.