Scaletta v Michels Power, Inc. (2025 NY Slip Op 00258)

Scaletta v Michels Power, Inc.

2025 NY Slip Op 00258

Decided on January 16, 2025

Appellate Division, Third Department

Egan Jr., J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 16, 2025

CV-24-0541

[*1]Brandon Scaletta, Respondent,
v
Michels Power, Inc., Appellant, et al., Defendants.

Calendar Date:October 7, 2024

Before: Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Mound Cotton Wollan & Greengrass LLP, New York City (Kenneth M. Labbate of counsel), for appellant.
Bohrer & Lukeman, New York City (Abram I. Bohrer of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (Stephan G. Schick, J.), entered March 1, 2024 in Sullivan County, which denied defendants' motions to dismiss the complaint.
Plaintiff commenced this action in June 2023 to recover for injuries that he sustained in an incident that occurred on June 18, 2021. As alleged in the complaint, defendant Michels Power, Inc. (hereinafter defendant) was under contract to perform repair and construction work on power lines and subcontracted some of that work to Haverfield International Inc., doing business as Haverfield Aviation. Plaintiff worked for Haverfield as a helicopter lineman, a job that required him to use a helicopter to reach towers and power lines so that he could perform needed work on them. Upon reaching the portions of the towers and power lines that needed work, plaintiff would work from a platform attached to the helicopter as it hovered next to the structure. On June 18, 2021, plaintiff went to work at a site in the Town of Bethel, Sullivan County, and he ascended to the area of the structure needing work on a platform attached to the outside of a 1989 McDonnell Douglas Model 350 helicopter. Plaintiff was working on the structure from that platform when one or more of the helicopter's rotors made contact with the structure. The helicopter spun out of control and crashed, and plaintiff sustained serious injuries.
Plaintiff's complaint, in relevant part, asserted claims against defendant as the general contractor on the project alleging that defendant was negligent and violated Labor Law §§ 200, 240 and 241 (6), as well as the Industrial Code (see 12 NYCRR 23-1.7). Defendant filed a pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (2), asserting that Supreme Court lacked subject matter jurisdiction over plaintiff's claims because they were preempted by federal law. Defendant specifically argued that the field of air safety had been wholly occupied by the Federal Aviation Act of 1958 (see 49 USC § 40101 et seq. [hereinafter FAA]) and its implementing regulations and that, to the extent that plaintiff's claims were not entirely preempted, the standards of care ordinarily applicable to them impermissibly conflicted with federal air safety regulations. The other defendants followed suit. Following oral argument on the motions, Supreme Court rendered a decision from the bench in which it, among other things, denied defendant's motion. Supreme Court specifically determined that plaintiff's claims against defendant were not preempted because the helicopter at issue was essentially acting as a piece of construction equipment — like a crane or bucket truck — at the time of the accident, although the court left open the possibility that federal standards of care might apply to plaintiff's claims depending upon how they evolved over the course of discovery. Defendant appeals from the order entered to implement the terms of that decision.[FN1]
We affirm. "The federal preemption doctrine has its [*2]roots in the Supremacy Clause of the United States Constitution, and federal preemption of state laws generally can occur in three ways: where Congress has expressly preempted state law, where Congress has legislated so comprehensively that federal law occupies an entire field of regulation and leaves no room for state law, or where federal law conflicts with state law" (Matter of Atlas Van Lines, Inc. v Tax Appeals Trib. of the State of N.Y., 123 AD3d 168, 174 [3d Dept 2014] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 24 NY3d 915 [2015]; accord Matter of Quigley v Village of E. Aurora, 193 AD3d 207, 210-211 [3d Dept 2021], lv denied 37 NY3d 908 [2021]; see US Const, art VI, cl 2; Sutton 58 Assoc. LLC v Pilevsky, 36 NY3d 297, 305-307 [2020], cert dismissed ___ US ___, 142 S Ct 53 [2021]). Field preemption and conflict preemption are at issue here, but neither is available for the asking. "[C]ourts do not readily assume preemption . . . , [and] in the absence of compelling congressional direction, courts will not infer that Congress has deprived the States of the power to act" (Madeira v Affordable Hous. Found., Inc., 469 F3d 219, 238 [2d Cir 2006] [internal quotation marks, brackets and citation omitted]). "Invoking some brooding federal interest or appealing to a judicial policy preference should never be enough to win preemption of a state law," regardless of whether field preemption or conflict preemption is claimed, and the party seeking preemption "must point specifically to a constitutional text or a federal statute that does the displacing or conflicts with state law" (Virginia Uranium, Inc. v Warren, 587 US 761, 767 [2019] [internal quotation marks and citation omitted]; see Sutton 58 Assoc. LLC v Pilevsky, 36 NY3d at 306). Of relevance here, "[t]he presumption against preemption is especially strong with regard to laws that affect the states' historic police powers over occupational health and safety issues and is overcome only if it was the clear and manifest purpose of Congress to supplant state law" (Balbuena v IDR Realty LLC, 6 NY3d 338, 356 [2006] [internal citations and quotation marks omitted]; see Goodspeed Airport LLC v East Haddam Inland Wetlands & Watercourses Commn., 634 F3d 206, 210 [2d Cir 2011]).
Defendant points to the FAA and accompanying regulations, which do reveal a congressional "intent to centralize air safety authority and the comprehensiveness of the[ ] regulations [issued] pursuant to that authority . . . [reflecting] that Congress intended to occupy the entire field and thereby preempt state regulation of air safety" (Air Transp. Assn. of Am., Inc. v Cuomo, 520 F3d 218, 225 [2d Cir 2008]; see City of Burbank v Lockheed Air Terminal, Inc., 411 US 624, 638-639 [1973]; Jones v Goodrich Pump & Engine Control Sys., Inc., 86 F4th 1010, 1017 [2d Cir 2023]; Goodspeed Airport LLC v East Haddam Inland Wetlands & Watercourses Commn., 634 F3d at 210; Montalvo v Spirit Airlines, Inc., 508 [*3]F3d 464, 471 [9th Cir 2007]). That said, the FAA "contained a saving provision preserving pre-existing statutory and common-law remedies" (Northwest, Inc. v Ginsberg, 572 US 273, 280 [2014]), and it continues to authorize "any other remedies provided by law" in addition to the ones created by the FAA (49 USC § 40120 [c]).[FN2] In other words, the FAA contemplates that state law remedies survive its enactment and may be pursued within its purview, including "state law personal injury suits" (Martin ex rel. Heckman v Midwest Express Holdings, Inc., 555 F3d 806, 808 [9th Cir 2009]; see Hodges v Delta Airlines, Inc., 44 F3d 334, 338 [5th Cir 1995]; Matter of Air Crash Disaster at John F. Kennedy Intl. Airport on June 24, 1975, 635 F2d 67, 74-75 [2d Cir 1980]). The question is accordingly not whether the FAA preempts all state law claims that somehow intersect with air safety — its own terms make clear that it does not — but whether the claims arise in the area of air safety and "interfere with federal laws and regulations sufficiently to fall within the scope of the preempted field" (Goodspeed Airport LLC v East Haddam Inland Wetlands & Watercourses Commn., 634 F3d at 211; see Jones v Goodrich Pump & Engine Control Sys., Inc., 86 F4th at 1017).
With that in mind, plaintiff is pursuing claims under the Labor Law and a related one for common-law negligence, and 
"the legislative history of the Labor Law, particularly sections 240 and 241, makes clear the Legislature's intent to achieve the purpose of protecting workers by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985] [internal quotation marks and citations omitted]).
Plaintiff's claims accordingly arise out of the state's police power to regulate occupational health and safety issues, not aviation, and defendant points to "nothing in [the FAA or implementing regulations] indicating that Congress meant to affect state regulation of occupational health and safety, or the types of damages that may be recovered" for a violation of those workplace safety standards (Balbuena v IDR Realty LLC, 6 NY3d at 357).
Even if defendant had articulated how plaintiff's claims against it "enter[ed] the scope of the preempted field in . . . their purpose," however, a review of plaintiff's complaint gives no reason to believe that "their effect" would interfere with air safety (Goodspeed Airport, LLC v East Haddam Inland Wetlands & Watercourses Commn., 634 F3d at 211). Plaintiff does not allege in his complaint that defendant owned or operated the helicopter, nor does he allege that he traveled to the worksite in the helicopter or that he was even a passenger inside of it when it crashed (compare McAllister v Catalyst Aviation, LLC, 2020 WL 13200026, *4, [*4]2020 US Dist LEXIS 263077, *9-10 [ND NY, Dec. 22, 2020, No. 8:19-CV-642 (BKS/DJS); 8:19-CV-647 (BKS/DJS)]; Fabia v Power Auth. of State of N.Y., Sup Ct, Westchester County, Mar. 24, 2022, Malone, J., index No. 64091/2019; Simpson v Power Auth. of State of N.Y., Sup Ct, Westchester County, Mar. 24, 2022, Malone, J., index No. 61684/2020). Moreover, plaintiff does not seek to recover damages from defendant for the negligent operation of the helicopter and instead asserted negligence claims against other entities, not defendant, for the purportedly deficient operation of the helicopter and training of its pilot. Plaintiff's claims are instead premised upon defendant's failure as the general contractor overseeing the work to provide him with adequate safety equipment while he was working outside of the helicopter, violating "applicable" state and federal occupational health and safety regulations in the process and failing to provide him with a safe place to work.
In short, although plaintiff was injured when the helicopter he was working outside of lost control, his claims against defendant involve standards applicable to all construction workers facing elevation-related hazards in New York and have no obvious connection to the manner in which the helicopter was operated. Defendant has not articulated how plaintiff's claims substantively clash with federal air safety standards given the foregoing facts and, in the absence of any indication that plaintiff's claims "enter the scope of the preempted field in either their purpose or their effect," Supreme Court correctly determined that they were not subject to field preemption (Goodspeed Airport LLC v East Haddam Inland Wetlands & Watercourses Commn., 634 F3d at 211).
In the absence of any reason to believe that plaintiff's claims implicate the FAA or implementing regulations under the facts of this case, we are similarly unpersuaded by defendant's claims of conflict preemption. Defendant's remaining claims have been examined and found to be lacking in merit.
Aarons and Pritzker, JJ., concur.
Lynch, J. (dissenting). We respectfully dissent. In Goodspeed Airport LLC v East Haddam Inland Wetlands & Watercourses Commn. (634 F3d 206 [2d Cir 2011]), the Second Circuit Court of Appeals persuasively determined "that Congress has established its intent to occupy the entire field of air safety, thereby preempting state regulation of that field" (id. at 208). The further question is to define the scope of the preemption, i.e., "at what point the state regulation sufficiently interferes with federal regulation that it should be deemed pre-empted" (id. at 211 [internal quotation marks and citation omitted]). The majority emphasizes that, in his complaint, plaintiff does not "allege that he traveled to the worksite in the helicopter or that he was even a passenger of it when it crashed" — an observation suggesting that air safety was not implicated in what plaintiff characterizes as a construction worksite accident [*5]governed by New York's Labor Law (see Labor Law §§ 200, 240, 241 [6]). The complaint, however, simply does not detail the facts underlying the event. What actually happened was clarified by plaintiff's counsel during oral argument, where he explained that plaintiff boarded the helicopter platform at a launch site approximately a mile or so from the worksite, rode on the helicopter platform to the worksite and was injured while working from the helicopter platform when the helicopter crashed. Not to be overlooked is that plaintiff's complaint identifies the helicopter as the defective safety device that failed to properly protect him from falling — an allegation keyed into Labor Law § 240. In our view, the actual sequence of events establishes that this unfortunate accident was inescapably connected to air safety and is thus governed by federal aviation law.
The facts here are comparable to the factual scenarios in McAllister v Catalyst Aviation, LLC (2020 WL 13200026, 2020 US Dist LEXIS 263077 [ND NY, Dec. 22, 2020, No. 8:19-CV-642 (BKS/DJS); 8:19-CV-647 (BKS/DJS)]), Fabia v Power Auth. of State of N.Y. (2022 NY Misc LEXIS 48548 [Sup Ct, Westchester County, Mar. 24, 2022, Malone, J., index No. 64091/2019]), and Simpson v Power Auth. of State of N.Y. (2022 NY Misc LEXIS 49263 [Sup Ct, Westchester County, Mar. 24, 2022, Malone, J., index No. 61684/2020]), where plaintiffs were injured in helicopter crashes involving work on utility poles. In each of these cases, the plaintiffs' Labor Law claims were deemed preempted under federal law. The same result should attend here, for the standard of care governing the state Labor Law claims differs from the standard of care governing aircraft operations under federal law. Specifically, federal regulations provide that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another" (14 CFR 91.13 [a]; see In re Air Crash near Clarence Ctr., 798 F Supp 2d 481, 486 [WD NY 2011]; Curtin v Port Auth. of State of N.Y., 183 F Supp 2d 664, 668 [SD NY 2002]). The "careless or reckless" federal standard differs from both the strict liability provisions of Labor Law §§ 240 and 241 (6) and the reasonable care standard under Labor Law § 200 (see Crout v Haverfield Intl. Inc., 269 F Supp 3d 90, 96-97 [WD NY 2017]; In re Air Crash Near Clarence Ctr., NY on February 12, 2009, 798 F Supp 2d at 486; McAllister v Catalyst Aviation, LLC, 2020 US Dist LEXIS 263077, *10). As such, plaintiff's Labor Law claims are preempted by federal law and should be dismissed.
During oral argument, counsel for defendant Michels Power, Inc. acknowledged that Supreme Court did have subject matter jurisdiction over plaintiff's common-law negligence claim. Insofar as Supreme Court left aside for future resolution "what standard of negligence would be [applied] at the trial in this case," plaintiff's negligence claim should be resolved under the federal "careless or reckless" standard.
McShan[*6], J., concurs.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Defendants Quanta Services, Inc. and Quanta Aviation Services, LLC — entities that were purportedly negligent in training the helicopter pilot and modifying the helicopter — also unsuccessfully moved to dismiss the complaint and appealed from the order. They subsequently withdrew their appeal, and we accordingly focus on that portion of the appealed-from order involving the claims against defendant.

Footnote 2: We note that Congress amended the FAA with the Airline Deregulation Act of 1978 (see Pub L No 95-504, 92 US Stat 1705), which included a provision explicitly barring the enactment or enforcement of state laws "relat[ing] to a price, route, or service of an air carrier that may provide air transportation" (49 USC § 41713 [b] [1]; see American Airlines, Inc. v Wolens, 513 US 219, 222-223 [1995]; Morales v Trans World Airlines, Inc., 504 US 374, 383-384 [1992]). The preemption clause of that act is inapplicable here, however, because plaintiff's claims do not relate to air transportation, defined as "foreign air transportation, interstate air transportation, or the transportation of mail by aircraft" (49 USC § 40102 [a] [5]). There is no allegation that plaintiff was traveling anywhere or carrying mail when the accident that led to his claims occurred. Instead, his use of the helicopter was limited to his using it as an elevating work platform (see SeaAir NY, Inc. v City of New York, 250 F3d 183, 186-187 [2d Cir 2001]).