■ THOMAS MURPHY, Respondent, v ISLAT ASSOCIATES GRAFT HAT MANUFACTURING Co. et al., Defendants. KRAFT HAT MANUFACTURING INC., Sued Herein as ISLAT ASSOCIATES GRAFT

HAT MANUFACTURING Co., Third-Party Plaintiff-Respondent-Appellant, v JAMES A. JENNINGS Co., INC., Third-Party Defendant-Respondent, and ATLANTIC DETAIL AND ERECTION CORPORATION, Third-Party Defendant-Appellant-Respondent. [654 NYS2d 760] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered June 5, 1996, which denied defendant and third-party plaintiff owner's motion for conditional summary judgment on its causes of action for indemnification against third-party defendants general contractor and subcontractor/employer, and for summary judgment dismissing plaintiff construction worker's cause of action under Labor Law § 200, and which granted plaintiff's cross motion for summary judgment on the issue of the owner's liability under Labor Law § 240 (1), unanimously affirmed, without costs.

Plaintiff's uncontroverted testimony established that the owner did not furnish him with a safety device adequate to provide proper protection as he worked on a crane dismantling its boom, and it does not avail the owner that plaintiff may have had his own personal safety belt available at the time of the accident (see, Bland v Manocherian, 66 NY2d 452, 459; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 523-524). Contrary to the contractor's contention, no triable issues of fact as to proximate cause are raised by either plaintiff's testimony that his fall from the crane was caused by his slipping on grease (see, Robinson v NAB Constr. Corp., 210 AD2d 86, 86-87), or by the employer's representative's testimony that he did not think safety belts were needed in dismantling a crane (see, Zimmer v Chemung County Performing Arts, supra). Concerning indemnification, we agree with the IAS Court that an issue of fact as to the owner's supervisory control over the worksite is raised by the deposition testimony of its representative, and its motion for conditional summary judgment was therefore properly denied (see, Buendia v New York Natl. Bank, 223 AD2d 456, lv dismissed 88 NY2d 962). Concur—Sullivan, J. P., Milonas, Rosenberger and Rubin, JJ.