■ CRISTOS VOUZIANAS et al., Appellants, v MICHAEL BONASERA et al., Defendants and Third-Party Plaintiffs-Respondents, and CAPTAIN'S WALK OF WEST BAYSHORE HOMEOWNERS ASSOCIATION, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. JOEL SCHNEIDER CONSTRUCTION CORP., Third-Party Defendant-Respondent. [693 NYS2d 59] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated May 13, 1998, as denied their motion for summary judgment on the complaint, and the defendant Captain's Walk of West Bayshore Homeowners Association, Inc., appeals from the same order.

Ordered that the appeal of the defendant Captain's Walk of West Bayshore Homeowners Association, Inc., is dismissed, as withdrawn; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs.

The Supreme Court properly determined that there are triable issues of fact as to whether there was a violation of Labor Law § 240 (1) and, if so, whether it proximately caused the accident. Specifically, a question of fact exists as to whether the injured plaintiff's conduct in disassembling the extension ladder at issue, and in using only the top half which lacked non-skid pads, constituted an unforeseeable, independent, intervening act which was a superseding cause of the accident (*see, Ossorio v Forest Hills S. Owners,* 251 AD2d 475; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630; *Styer v Vita Constr.,* 174 AD2d 662). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.