■ ANTONIO GOMES et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 93027.) [708 NYS2d 316] —In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Ruderman, J.), dated June 14, 1999, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant Antonio Gomes allegedly sustained physical injuries when an aluminum extension ladder upon which he was working suddenly began telescoping downward, stopping when his arm became caught between the rungs. Gomes's testimony failed to explain how or why the ladder began contracting. The State proffered the testimony of its safety expert that Gomes's misuse of the ladder was responsible for the incident. The Court of Claims credited the testimony of the State's expert and dismissed the claim. We affirm.

Contrary to the claimants' contentions, the Court of Claims did not err in admitting the testimony of the State's expert witness. Despite the unavailability of the ladder at the time of trial, this witness's testimony was properly based upon facts in evidence (see, Hambsch v New York City Tr. Auth., 63 NY2d 723; Herzog v Miller, 236 AD2d 517; Tucker v Elimelech, 184 AD2d 636, 637). Moreover, the expert's opinion was expressed with sufficient certainty as to satisfy accepted standards of reliability (see, Matott v Ward, 48 NY2d 455, 459; Matter of Weisenthal v New York State Bd. of Regents, 249 AD2d 712; Edgewater Apts. v Flynn, 216 AD2d 53; Sumowicz v Gimbel Bros., 161 AD2d 314; Sitaras v Ricciardi & Sons, 154 AD2d 451). The court's factual determination was not against the weight of the credible evidence and accordingly should not be

disturbed (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490; *Mathieu v State of New York,* 267 AD2d 284; *Matter of Tri-State Consumer Ins. Co. v Dabush,* 264 AD2d 848).

The parties' remaining contentions are without merit. Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.