■ MOWBRAY CARLOS et al., Appellants, v W.H.P. 19 L. L. C. et al., Respondents. [720 NYS2d 496] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered May 30, 2000, which denied plaintiffs' motion for partial summary judgment as to liability upon their Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and plaintiffs' motion granted.

Plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim should have been granted inasmuch as comparative negligence is not a defense to such claim (*Bland v Manocherian*, 66 NY2d 452, 460-461). The improper placement of the ladder on an uneven sidewalk and the failure to secure it were violations of Labor Law § 240 (1) and, therefore, plaintiff laborer's conduct in continuing to ascend a ladder he knew had been only partially opened was not, as a matter of law, the *sole* proximate cause of his accident (*cf.*, *Weininger v Hagedorn & Co.*, 91 NY2d 958).

We also reject defendant's argument that there is a factual issue as to whether plaintiff was engaged in work falling within the protective ambit of Labor Law § 240 (1). The argument is not properly before us, having been advanced for the first time on appeal, and, in any event, is without merit. Plaintiff's removal of a sign was an integral part of a larger ongoing project to construct a high-rise apartment building and, as such, was covered under Labor Law § 240 (1) (*see*, *Lombardi v Stout*, 80 NY2d 290). Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.