■ JOHNNY NUNEZ, Respondent, v BERTELSMAN PROPERTY, INC., Appellant. [758 NYS2d 643] —Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered March 26, 2002, which, to the extent appealed from as limited by the brief, denied defendant's motion for summary judgment dismissing plaintiff's

Labor Law § 240 (1) claim and granted plaintiff's cross motion for partial summary judgment on the issue of liability upon his Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Inasmuch as the evidence demonstrates that plaintiff fell down a staircase without handrails connecting two levels of scaffolding, there is no question that his injuries were at least partially attributable to defendant's failure to take statutorily mandated safety measures to protect him from risks arising from an elevation differential, and thus that grounds for the imposition of liability pursuant to Labor Law § 240 (1) were established (*see Boss v Integral Constr. Corp.*, 249 AD2d 214 [1998]). That plaintiff's fall may also have been attributable to the presence of cleaning liquid on the staircase does not take the case out of the ambit of Labor Law § 240 (1) or create any triable issue as to whether defendant is liable thereunder (*see Rizzo v Hellman Elec. Corp.*, 281 AD2d 258 [2001]; *Murphy v Islat Assoc. Graft Hat Mfg. Co.*, 237 AD2d 166 [1997]; *Robinson v NAB Constr. Corp.*, 210 AD2d 86 [1994]). Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Gonzalez, JJ.