[760 NYS2d 39]

Patrick Meade, Appellant, v Rock-McGraw, Inc., et al., Respondents.

Morgan Stanley & Co., Incorporated, Third-Party Plaintiff-Respondent, v A. Papa John Co., Third-Party Defendant-Respondent.

First Department, June 5, 2003

## APPEARANCES OF COUNSEL

*David H. Perecman* of counsel (*David H. Perecman & Associates, PLLC,* attorneys), for appellant.

*Christopher P. Kohn* of counsel (*William J. Smith* and *Kent B. Dolan* on the brief; *Lifflander Reich & Smith LLP*, attorneys), for respondents.

*John Sandercock* of counsel (*Steven B. Prystowsky* on the brief; *Lester Schwab Katz & Dwyer, LLP*, attorneys), for third-party defendant-respondent.

## OPINION OF THE COURT

SULLIVAN, J.

This appeal presents the interplay of two recurring issues in the profusion of litigation spawned by the Scaffold Law, Labor Law § 240 (1). The injured worker contends that the owner and lessees of the construction site where he was injured failed to provide him with any safety devices. On the other hand, the owner/lessees contend that the worker was provided with one of the statute's enumerated safety devices, which he proceeded to misuse, and that such misuse was the sole proximate cause of his injuries. The matter is before us on appeal from the denial of the worker's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1).

The record reveals the following. Plaintiff, a journeyman carpenter in the employ of third-party defendant A. Papa John Co., was injured while he was replacing ceiling tiles in a hallway closet on the 44th floor of 1221 Avenue of the Americas, which was undergoing renovation. In attempting to replace three missing tiles in a hallway closet approximately 8 feet high, 30 inches wide and 20 inches deep, he determined that the six-foot ladder he had been using to replace the tiles was too big to use inside the closet and located a five-foot, wooden A-frame ladder, which he described as being in good working order.

Plaintiff initially positioned the five-foot ladder inside the closet with the bottom steps outside of the closet, but determined that it was too big to allow him to do the job safely as he could not fit between the door header and the top of the ladder. He then positioned the ladder against the closet wall in the closed position at a slight angle and checked its stability. In this position, the top of the ladder was approximately three feet from the ceiling. Plaintiff climbed up to the third step and took both hands off the ladder to begin his work on the ceiling

when he felt the ladder slide out from under him. Ultimately, plaintiff came to rest on top of the ladder. Plaintiff testified that he was approximately two to three feet off the ground when the accident occurred. Plaintiff denied that the ladder had been placed on uneven ground or that it had been defective. He testified further that the ladder had wood footings but no rubber on the footings.

Plaintiff's supervisor testified that he arrived at the scene immediately after the accident and found the ladder to be intact and in good working order. He was of the opinion that plaintiff, approximately 5 feet, 10 inches tall, could have opened a six-foot ladder inside the closet, albeit one end of the ladder would have stuck out. He further opined that, based on his experience, plaintiff should have known that using the ladder in a closed position was improper. While the supervisor noticed dried glue on the floor of the premises, he did not notice any on the closet floor after the accident.

After discovery, plaintiff moved for summary judgment against defendants, Rock-McGraw, Inc., the building owner, McGraw-Hill Companies, Inc., the building lessee, and Morgan Stanley & Co., Incorporated, the sublessee of the 44th floor, on his Labor Law § 240 (1) claim, arguing that the ladder was not secured by another worker, that the ladder fell because the floor was slippery and the ladder lacked footings and that defendants had breached their duty to insure that the ladder was placed so as to give him proper protection. In papers submitted in reply, he claimed that defendants failed to furnish him with any safety devices and that he was required to use improper equipment, supporting the latter argument with an expert's opinion stating that a small platform or a three-foot stool would have been the appropriate safety device.

In opposition, defendants argued that the five-foot ladder was a safety device that, had plaintiff used it properly in the open position, would have provided the necessary protection. They further argued that a question of fact was raised as to whether plaintiff's improper use of the ladder was the sole proximate cause of the accident. Supreme Court denied the motion on the ground that, while plaintiff established a prima facie case in that defendants failed to secure the ladder, summary judgment was precluded by issues of fact such as, inter alia, whether the ladder would have fully opened inside the closet and, thus, whether plaintiff's improper use of the ladder was the sole proximate cause of the accident. The determination should be affirmed.

It was plaintiff's burden to establish that Labor Law § 240 (1) was violated and that the violation was a proximate cause of his injuries (*Kyle v City of New York*, 268 AD2d 192, 196 [2000], *lv denied* 97 NY2d 608 [2002]). Specifically, "Labor Law § 240 (1) requires that safety devices such as ladders be so 'constructed, placed and operated as to give proper protection' to a worker" (*Klein v City of New York*, 89 NY2d 833, 834-835 [1996]). Moreover, "[t]he failure to secure the ladder on which plaintiff was standing against slippage by any means whatsoever constitutes a violation of Labor Law § 240 (1) as a matter of law" (*Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 461 [1993] [internal quotation marks omitted]; *see Wasilewski v Museum of Modern Art*, 260 AD2d 271 [1999]). Contrary to Supreme Court's ruling, however, plaintiff did not establish a Labor Law § 240 (1) violation for failure to secure the ladder. That the ladder was inadequately secured was due to plaintiff's improper use of it, which would not give rise to a Labor Law violation.

Depending on the factfinder's determination, plaintiff may, however, establish a section 240 (1) violation for failure to provide a proper safety device. Militating against such a finding, of course, is the testimony of plaintiff's supervisor that the six-foot ladder originally provided plaintiff could have fit into the closet with one end sticking out. Even though the supervisor did not express a view as to whether plaintiff could have performed his work, safely or otherwise, with the ladder in that position, in the circumstances, summary judgment is inappropriate since a jury could find that plaintiff was provided with a ladder so constructed as to give him proper protection as required by Labor Law § 240 (1).

The dissenting opinion is replete with the observation that defendants failed to provide plaintiff with any safety device. This is based on plaintiff's deposition testimony that he was told by his supervisor to "find a ladder, just go find a ladder, whatever you can find." First of all, this argument is not entitled to consideration since plaintiff failed to make this claim until his reply papers on the motion for summary judgment and defendants were thus not afforded an opportunity to respond to it (*see Scherrer v Time Equities*, 218 AD2d 116, 120 [1995]). In any event, there is no merit to the claim. The supervisor directed plaintiff to find a ladder; a number of them were available at the worksite. There is no requirement that the owner or contractor itself procure the ladder or that the ladder be the owner or contractor's property. Thus, the dis-

sent's inability to discern any factual version of the accident to support a conclusion that plaintiff's conduct was the sole proximate cause of his injuries is predicated on an incorrect premise.

Moreover, in suggesting that defendants' failure to provide plaintiff with a ladder or any other safety device is, in itself, a sufficient basis for the imposition of liability, the dissent ignores the requirement that, for liability to attach, the absence of a safety device must be a proximate cause of the worker's injury (*Felker v Corning Inc.*, 90 NY2d 219, 225 [1997]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 519 [1985]). In this regard, defendants have made a showing, sufficient to defeat summary judgment, that plaintiff's own conduct was the sole proximate cause of his injury (*compare Tavarez v Weissman*, 297 AD2d 245 [2002]). Plaintiff did not speak to his supervisor before setting up the ladder in the closet. It was he who chose to place the ladder against the wall in a closed position, an improper use of the device. In *Weininger v Hagedorn & Co.* (91 NY2d 958 [1998]), the plaintiff, standing on an A-frame ladder while running wire and cable from one room to another, was injured when the ladder collapsed. The Court of Appeals held that a jury could conclude that the plaintiff's actions were the sole proximate cause of his injuries (*see Gomes v State of New York*, 272 AD2d 440 [2000]; *Vouzianas v Bonasera*, 262 AD2d 553 [1999]). Thus, the strict liability benefit of Labor Law § 240 (1) is not available to a worker whose own act in failing to use an otherwise adequate safety device properly is the sole proximate cause of his injury.

It should be noted in passing that other factual issues exist as a result of plaintiff's conflicting accounts of the accident. At his deposition he testified that there was dried glue as a result of the removal of carpet as well as some dust on the closet's concrete floor, whereas in his supporting affidavit on the motion he stated that the ladder slipped because the floor was slippery. He also testified that he observed wooden footings on the five-foot ladder. In his affidavit, he stated that "the ladder did not have footings."

Thus, plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim was properly denied.

Accordingly, the order of the Supreme Court, New York County (Louise Gruner Gans, J.), entered July 9, 2002, which denied plaintiff's motion for partial summary judgment on liability pursuant to Labor Law § 240 (1), should be affirmed, without costs or disbursements.

MAZZARELLI, J. (dissenting.) I would reverse the order appealed, and grant plaintiff's motion for summary judgment, because it is my view that this appeal raises the significant question of whether a contractor who has retained a worker to perform work which is clearly one of the activities enumerated in Labor Law § 240 (1) can escape the responsibilities imposed by that statute if it requires the worker to obtain a safety device on his own. Stated otherwise, we must determine whether an employer who makes no effort to provide a safety device can be relieved of its statutory responsibility by failing to provide any device and then arguing that plaintiff's adaptation of a borrowed device, here, an A-frame ladder loaned by another subcontractor, is the "sole proximate cause" of his injuries. The Labor Law was drafted to protect workers from elevation-related risks such as the one faced by the plaintiff. To hold, where, as here, there was no intentional or irrational misuse of the ladder by the plaintiff, that there is an issue of fact as to whether plaintiff's actions were the "sole proximate cause" of his injuries, would place responsibility on the workers, rather than the owners and contractors, and would turn the statute on its head.

## Facts

Plaintiff, a carpenter employed by A. Papa John Co., was assigned to repair and replace ceiling tiles on the 44th floor of the Rock-McGraw Building, which was leased by McGraw-Hill Companies, Inc. and Morgan Stanley & Co. Although his assignment was to do ceiling work, plaintiff's employer did not provide him with any type of ladder, lift, stepstool or other safety device. However, as the entire 44th floor was being renovated, there were other tradesmen working in the same area, and there were extra five-foot and six-foot A-frame ladders lying around. Plaintiff testified at his deposition that his construction manager told him to "find a ladder, just go find a ladder, whatever you can find." Plaintiff followed these instructions, and he completed a portion of the ceiling job using a six-foot, wooden A-frame ladder. Eventually, plaintiff reached a closet space with broken ceiling tiles, and, discovering that the six-foot A-frame ladder was too large to fit in the space, he exchanged it for a five-foot A-frame ladder. The five-foot ladder would have partially fit in the closet in an open position, but plaintiff realized that, to perform the task using the ladder this way, he would have been required to climb up, arch his back under the door frame and stretch up and out to reach the ceiling. Plaintiff determined that this was too awkward, and

decided that a more efficient way to reach the ceiling would be to lean the five-foot ladder against the back wall of the closet in its closed position. Plaintiff did so, and had taken a couple of steps onto the ladder. As he was reaching towards the ceiling, the ladder slipped out from under him, he fell to the ground and was injured.

*Procedural History*

Following discovery, plaintiff moved for summary judgment on liability pursuant to Labor Law § 240 (1). In support, plaintiff submitted his complaint, his affidavit, excerpts from his own deposition, and excerpts from the depositions of his construction manager and of an employee of McGraw-Hill Companies. Plaintiff's deposition testimony, that his construction manager instructed him to find a ladder wherever he could, was submitted with his original motion. Defendants opposed, arguing that plaintiff's decision to stand on the ladder in a closed position eliminated any causal connection between plaintiff's injuries and defendants' failure to provide proper safety devices, or their obligation to brace or secure the ladder. The court denied plaintiff's motion, finding that although plaintiff made out a prima facie showing that defendants-respondents were liable for failing to provide a safety device, there was a triable issue as to whether plaintiff's act of employing the ladder in the closed position was the "sole proximate cause" of the accident.

*Discussion*

I would find the IAS court's conclusion a misapplication of the "sole proximate cause" exception to Labor Law § 240 (1) liability, which improperly permits consideration of issues of comparative negligence under a statutory section which was drafted to impose absolute liability regardless of fault.

Labor Law § 240 (1) provides,

> "[a]ll contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

This section requires contractors and property owners to

protect workers engaged in certain enumerated activities from elevation-related risks. The Court of Appeals has observed that,

> "the legislative history of the Labor Law, particularly sections 240 and 241, makes clear the Legislature's intent to achieve the purpose of protecting workers by placing 'ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor' (1969 NY Legis Ann, at 407), instead of on workers, who 'are scarcely in a position to protect themselves from accident' (*Koenig v Patrick Constr. Co.*, 298 NY 313, 318 [1948])." (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985].)

It has also repeatedly stated that Labor Law § 240 (1) " 'is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed' " (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559 [1993] [citation omitted]; *see Panek v County of Albany*, 99 NY2d 452, 457 [2003]). Further, we are obliged "to discourage what might otherwise be an unfortunate tendency to opt for cost efficiency at the expense of safety" (*Lindner v Kew Realty Co.*, 113 AD2d 36, 43 [1985]).

There is no dispute that when defendants failed to provide plaintiff with any protective device, they violated Labor Law § 240 (1). In a similar case, a worker brought a number of his own, purportedly effective ladders to the job site, but did not use them. Recognizing the well-settled rule that "the mere presence of safety devices at the worksite does not diminish defendant's liability," the Court granted him summary judgment on liability (*Neville v Deters*, 175 AD2d 597, 597 [1991]). It is axiomatic that "an owner and contractor do not fulfil their statutory obligation and thereby escape the imposition of absolute liability merely by demonstrating that there was present somewhere at a job site a ladder which might have been used by a worker for the safer performance of his assigned work." (*Heath v Soloff Constr.*, 107 AD2d 507, 512 [1985]; *Neville, supra* at 597; *Hall v Cornell Univ.*, 205 AD2d 872, 874 [1994].)

In this case, the plaintiff was not given any safety devices, but was directed by his employer to adapt the tools being used on the construction site by other contractors. These ultimately proved inadequate to protect him from injury while performing his assigned task. Thus, liability attaches under section 240

(1), regardless of whether plaintiff's specific use of the ladder may or may not have been considered negligent (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993] ["(Under) Labor Law § 240 (1) * * * the injured's culpability, if any, does not operate to reduce the owner/contractor's liability for failing to provide adequate safety devices"]; *Bland v Manocherian*, 66 NY2d 452 [1985]; *Zimmer, supra*; *Haimes v New York Tel. Co.*, 46 NY2d 132 [1978]; *Laquidara v HRH Constr. Corp.*, 283 AD2d 169 [2001] [owner did not provide worker with safety device adequate to prevent elevation-related injury]; *Murphy v Islat Assoc. Graft Hat Mfg. Co.*, 237 AD2d 166 [1997] [same]; *Boss v Integral Constr. Corp.*, 249 AD2d 214 [1998] [same]; *Klein v City of New York*, 222 AD2d 351 [1995], *affd* 89 NY2d 833 [1996] [plaintiff's alleged improper placement of the ladder provided by his employer immaterial to Labor Law § 240 (1) liability]).

Defendants' contention that plaintiff's placement of the A-frame ladder in a closed position against the back wall of the closet was the "sole proximate cause" of this accident does not avail them. The "sole proximate cause" exception was enunciated by the Court of Appeals in *Weininger v Hagedorn & Co.* (91 NY2d 958 [1998]), and it precludes claims by plaintiffs who were injured as a result of having intentionally and/or irrationally misused the safety device provided (*id.*). In *Weininger*, the plaintiff stepped out onto the crossbar of an A-frame ladder. The "sole proximate cause" exception has since been applied where a plaintiff jumped from an elevation rather than using an available safety device (*see George v State of New York*, 251 AD2d 541 [1998], *lv denied* 92 NY2d 815 [1998]). The exception has also been applied where a plaintiff, holding a cup of coffee in one hand and his breakfast in the other, slipped and missed a rung, while descending facing away from a ladder and not holding on to it (*Anderson v Schul/Mar Constr. Corp.*, 212 AD2d 493 [1995]).

In all of these cases, the plaintiffs' actions were intentional or so irrational that it was evident that they, themselves, were the *sole* cause of their injuries as a matter of law. For the "sole proximate cause" exception to liability to apply, a plaintiff must be 100% responsible for the accident. If there is any evidence imputing even a fraction of a percentage of fault to the defendants, the exception is inapplicable.

Here, plaintiff's employer provided no safety devices of any kind; all of the ladders in the area were owned by the other tradespeople. Although plaintiff was instructed to use one of

these ladders, none was adequate to protect him from the special hazards involved in replacing ceiling tiles inside a closet. The majority is correct that there is no specific requirement that the owner or contractor itself procure the ladder, or that the owner, contractor or their agent be the legal owner of the ladder. However, this in no way lessens the owner or contractor's obligation to protect the worker by assuring that the adequate devices are available. The Scaffold Law nonetheless puts the burden on the owner or contractor to provide workers with adequate safety devices to minimize the elevation-related risks. Because there was no evidence here that plaintiff's accident was solely the result of his own intentional and/or irrational actions (*compare Weininger, supra*; *George, supra*; *Anderson, supra*, *with Gomes v State of New York*, 272 AD2d 440 [2000] [issue of fact as to whether plaintiff's act of "jumping," i.e., elongating or constricting extension ladder while standing on it, constituted sole proximate cause of injuries]; *Vouzianas v Bonasera*, 262 AD2d 553 [1999] [issue of fact as to whether plaintiff's act of disassembling an extension ladder and standing on the top portion was the sole proximate cause of injury]), plaintiff's motion for summary judgment on his Labor Law § 240 (1) claim should be granted. In addition, no version of the happening of this accident supports a finding that plaintiff's conduct was the only, the sole proximate cause of his injuries.

Further, even assuming that the dimensions of the closet would have allowed plaintiff to partially contain the five-foot ladder in its locked, open position, it is still undisputed that given the structure of the doorframe at the opening to the closet, that ladder, which plaintiff had to choose from the array of tools provided by other companies on the job site, would not have afforded plaintiff a secure foundation from which to reach the ceiling tiles he had to repair and/or replace (*cf. Joblon v Solow*, 23 F Supp 2d 411 [1998] [factual issue whether room was big enough to open A-frame ladder]).

The majority concludes that summary judgment is precluded by a number of inconsistencies as to the alleged defects with the ladder, as well as exactly how the accident occurred. These included: were there footings on the ladder, were these footings rubber, should plaintiff have known that using the ladder in the closed position was improper, was there dried glue or dust on the concrete floor of the work area, and was the floor slippery. Even assuming all of these discrepancies exist, plaintiff has nonetheless established a violation of Labor Law

§ 240 (1). The section affirmatively requires defendants to provide workers with an adequate safety device, and to place, operate, brace and secure that device to protect a plaintiff from the risks involved in performing elevation-related work (*see Zimmer, supra; Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289 [2002]; *Kyle v City of New York*, 268 AD2d 192, 197 [2000], *lv denied* 97 NY2d 608 [2002]). It is the responsibility of the defendants to determine how specifically to meet this obligation with respect to a particular job.

This plaintiff was assigned to repair and replace ceiling tiles. It is undisputed that defendants failed to provide a safe means for performing ceiling work. They did not ensure that there was a ladder suited to work in all of the spaces where tiles needed to be repaired and/or replaced, nor did they provide plaintiff with an alternative safety device, such as a small stepstool or platform which would have fit inside the closet area. Thus defendants breached their duty under Labor Law § 240 (1).

Were a jury to conclude, as the majority posits, that the ladder supplied by one of the other contractors was adequate to do the ceiling work, defendants are still not without liability. There is simply no reasonable view of the evidence to support defendants' position that plaintiff's adaptation of the ladder to work within the confines of the closet area was an intentional or irrational misuse of the ladder. Plaintiff worked as best he could with the tools he had to find on his own, and it cannot be said that his acts alone were the "sole proximate cause" of his injuries, as to sever defendants' responsibility under the statute. There is no question that plaintiff's injuries were "at least partially attributable to defendant's failure to take statutorily mandated safety measures to protect [plaintiff] from risks arising from an elevation differential" (*Nunez v Bertelsman Prop.*, 304 AD2d 487, 488 [2003]). Because concepts of comparative negligence are inapplicable to claims under Labor Law § 240 (1), plaintiff is entitled to recovery under Labor Law § 240 (1) as a matter of law (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]; *Tavarez v Weissman*, 297 AD2d 245 [2002]; *Camacho v 101 Ellwood Tenants Corp.*, 289 AD2d 102 [2001]; *Carlos v W.H.P. 19 L.L.C.*, 280 AD2d 419 [2001]; *Izzo v AEW Capital Mgt.*, 288 AD2d 268 [2001]; *Smizaski v 784 Park Ave. Realty*, 264 AD2d 364 [1999]; *Kijak v 330 Madison Ave. Corp.*, 251 AD2d 152 [1998]; *Robinson v NAB Constr. Corp.*, 210 AD2d 86 [1994]).

BUCKLEY, P.J., and ANDRIAS, J., concur with SULLIVAN, J.; MAZZARELLI, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered July 9, 2002, affirmed, without costs or disbursements.