Conlon v Carnegie Hall Socy., Inc. (2018 NY Slip Op 02268)





Conlon v Carnegie Hall Socy., Inc.


2018 NY Slip Op 02268


Decided on March 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018

Sweeny, J.P., Renwick, Manzanet-Daniels, Kahn, Kern, JJ.


6150 24165/13E

[*1]Derek Conlon, et al., Plaintiffs-Respondents-Appellants,
v
The Carnegie Hall Society, Inc., et al., Defendants-Appellants-Respondents.


Cornell Grace, P.C., New York (Keith D. Grace of counsel), for appellants-respondents.
O'Dwyer & Bernstien, LLP, New York (Steven Aripotch of counsel), for respondents-appellants.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 4, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiffs' cross motion for partial summary judgment on their Labor Law § 240(1) claim, denied defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, and granted defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim, unanimously modified, on the law, to grant plaintiffs' cross motion, and otherwise affirmed, without costs.
Plaintiff Derek Conlon was injured when, while installing sheetrock in a stairwell, he tripped on an extension cord and fell down the stairs. Because the stairway was an elevated surface on which plaintiff was required to work, and also the sole means of access to his work area, it constituted a safety device within the meaning of the statute (see Ramirez v Shoats, 78 AD3d 515, 517 [1st Dept 2010]), as well as an elevated work platform that required provision of an adequate safety device (see Gory v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 550 [1st Dept 2014]; Oliveira v Dormitory Auth. Of State of N.Y., 292 AD2d 224 [1st Dept 2002]). Under either theory, it is clear that plaintiff's fall was the direct result of absence of an adequate safety device, and thus, plaintiffs are entitled to partial summary judgment on the section 240(1) cause of action. That plaintiff tripped on an extension cord does not take the case out of the ambit of Labor Law § 240(1) (see e.g. Nunez v Bertelsman Prop., 304 AD2d 487 [1st Dept 2003]; Murphy v Islat Assoc. Graft Hat Mfg. Co., 237 AD2d 166 [1st Dept 1997]), and the fact that the staircase from which plaintiff fell was a permanent structure of the building does not remove this case from the coverage of Labor Law § 240(1) (see Gory at 550).
The court properly dismissed the Labor Law § 246(1) claim. Contrary to plaintiff's contention, the "integral part of work" defense applies to 12 NYCRR 23-1.7(e)(1) (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805 [2006]), and even if it did not, 12 NYCRR 23-1.7(e)(1) would still be inapplicable, as the subject staircase was not a serving as a "passageway" within the meaning of that provision, but a "working area" under 12 NYCRR 23-1.7(e)(2).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 29, 2018
DEPUTY CLERK